DOMINGO TORRES y ELISA PACHECO, peticionarios, *v.* CORTE DE DISTRITO DE PONCE, HON. ÁNGEL FIOL NEGRÓN, JUEZ, demandada; EZEQUIEL MARTÍNEZ y JUAN RODRÍGUEZ, interventores.

Núm. 1666.—*Sometido:* Diciembre 12, 1946. *Resuelto:* Mayo 2, 1947.

*Carlos F. Colón,* abogado de los peticionarios; *Ernesto Ramos Antonini,* abogado de los interventores, demandantes en el pleito principal.

· El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Ezequiel Martínez y Juan Rodríguez, arrendatarios de una finca propiedad de don Antonio Pacheco, radicaron una demanda de desahucio en precario contra Domingo Torres, en enero de 1942. La Corte de Distrito de Ponce decretó el desahucio de Torres, disponiendo que se realizase un avalúo de las siembras existentes en la finca y que los demandantes hiciesen efectivo su valor al demandado Torres antes de ejecutarse el lanzamiento. Torres apeló y este Tribunal confirmó la sentencia en 28 de julio de 1944. Véase: *Martínez v. Torres,* 64 D.P.R. 44. En agosto 27 de 1945, Elisa Pacheco, hija y heredera de Antonio Pacheco y esposa de Domingo Torres, el demandado en el mencionado caso de desahucio, radicó ante la Corte de Distrito de Ponce una solicitud de intervención en la cual alegó que a partir del fallecimiento de su padre ocurrido con posterioridad a la vista y sometimiento del caso de desahucio, ella pasó a poseer la parcela de terreno a título de dueña, cultivándola y explotándola por mediación de su esposo Domingo Torres, como su mandatario verbal; que la sentencia de desahucio en contra de Torres no había sido ejecutada; que ella no fué parte y nunca fué notificada en la acción de desahucio; que los demandantes en dicho pleito han pedido ahora la ejecución de la sentencia y el lanzamiento de Torres; y que si se ordenase ese lanzamiento se lesionarían los derechos de la peticionaria a la posesión del terreno a título de dueña. Termina la solicitud suplicando que se permita a la peticionaria intervenir en el procedimiento; que se declare nula la sentencia de desahucio y se deje sin efecto la orden de lanzamiento hasta que se substancie en sus méritos la solicitud de intervención.

Los aquí interventores, demandantes en el caso de desahucio, solicitaron que se diera cumplimiento a la sentencia de desahucio ordenándose el lanzamiento de Domingo Torres; que se declarase sin lugar la solicitud de intervención

y el procedimiento de avalúo. La corte inferior declaró sin lugar la solicitud de intervención, desestimó el procedimiento iniciado para el avalúo y pago de las siembras existentes en la finca y ordenó el lanzamiento de Torres de la finca objeto del caso. Para revisar esta resolución expedimos el auto de *certiorari*.

Alegan los peticionarios que la corte inferior cometió "error procesal y grave abuso de discreción" al desestimar la solicitud de intervención.

La Regla núm. 24 de las nuevas Reglas de Enjuiciamiento Civil reza así:

"(*a*) *Intervención por Derecho*.—Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en una acción (1) cuando un estatuto confiere un derecho incondicional a intervenir; (2) cuando la representación del interés del solicitante por las partes ya en el litigio fuere o pudiere ser inadecuada y el solicitante estuviere o pudiere resultar obligado por una sentencia en el pleito; o (3) cuando el derecho del solicitante pudiere resultar adversamente afectado por una distribución o cualquier otra disposición de la propiedad que se hallare bajo la custodia de la corte o de un oficial de la misma.

"(*b*) *Intervención Permisible*.—Mediante oportuna solicitud cualquier persona podrá obtener permiso para intervenir en una acción: (1) cuando por ley se confiera un derecho condicional a intervenir; o (2) cuando la reclamación o defensa del solicitante y la acción principal tuvieren en común una cuestión de hecho o de derecho. Al ejercer su discreción, la corte considerará si la intervención dilatará indebidamente o perjudicará la adjudicación de los derechos de las partes originales."

Intervención es un procedimiento por el cual una tercera persona puede presentar una reclamación o levantar una defensa en un caso pendiente. Como se desprende de la Regla 24, supra, el derecho a recurrir a este remedio es unas veces absoluto y otras veces discrecional en la corte. Alegan los peticionarios que tienen un derecho absoluto a intervenir apoyándose en el inciso (2) de la Regla 24(*a*), supra. No tienen razón los peticionarios. Para poder in-

tervenir amparándose en el hecho de que la representación es inadecuada, tienen que presentar prueba de ello. La representación de una parte es inadecuada cuando se demuestra que existe colusión entre el representante de esa parte y la parte contraria; o cuando el representante tiene o representa un interés adverso a aquél de su representado o deja negligentemente de hacer algo que debe hacer. Moore's *Federal Practice,* Vol. 2, pág. 2333. En el caso de autos la peticionaria estuvo representada por su esposo Domingo Torres, peticionario. Éste, como jefe de familia, es el representante legal de la sociedad de gananciales. No se ha demostrado que la representación era inadecuada, puesto que no aparece que haya habido colusión entre Torres y los demandantes, ni que Torres representara un interés adverso a aquél de la peticionaria. La solicitud fué correctamente denegada. Además, la solicitud fué tardía pues se presentó casi dos años después de haber una sentencia firme. Como dice la obra de Moore's Federal Practice, Vol. 2, pág. 2384–5 :

"Intimamente relacionada con la idea de subordinación y, en verdad, frecuentemente considerada como si formara parte de la regla de subordinación, es la regla general universalmente conocida, citada por el Sr. Juez Brandeis que 'no se permitirá la intervención con el objeto de impugnar una orden ya emitida.' Ordenes por allanamiento y órdenes administrativas no están, por consiguiente, generalmente sujetas a ataque. Esta regla general de intervención se funda sobre la misma doctrina que establece la regla general que órdenes y sentencias entre las partes originales deben ser firmes. Lo mismo que existen excepciones a esta última regla, también las hay en cuanto a la regla general de intervención. Rara vez, sin embargo, las órdenes administrativas y resoluciones emitidas con anterioridad a la intervención deben ser anuladas a solicitud del interventor. Tampoco debe anularse ninguna orden o resolución a menos que se demuestre claramente que dicha orden o resolución privaría al interventor de derechos sustanciales los cuales él haya diligentemente sostenido. El hecho de que el peticionario tiene un derecho absoluto a intervenir no servirá por sí solo como fundamento para evadir esta regla."

No se ha cometido el error señalado.

■■ Alega el peticionario que la corte inferior cometió "error procesal al ordenar el lanzamiento del demandado sin el previo avalúo y pago de las siembras existentes en el predio."

A tenor con lo dispuesto en el artículo 18 de la Ley de Desahucio, no será un obstáculo para el lanzamiento el que el peticionario reclame como suyos labores o plantíos. *Banco Territorial y Agrícola* v. *Arvelo,* 7 D.P.R. 566. A este respecto dice el artículo 18, supra:

"En este caso el márshal procederá al inmediato lanzamiento, sin prórroga alguna, y una vez efectuado éste, a instancia del interesado, procederá a la práctica de un avalúo . . . . ."

En el caso de autos existe una sentencia firme desde junio de 1944 (*Martínez* v. *Torres,* supra) ordenando el lanzamiento del peticionario. Desde entonces, a pesar de los diversos esfuerzos realizados por los aquí interventores para que se efectuase el lanzamiento, no se ha ejecutado. Se nombraron peritos para que hicieran un avalúo de las siembras existentes en la finca, pero éstos nunca pudieron ponerse de acuerdo. Ya han transcurrido casi tres años desde que este Tribunal confirmó la sentencia de la corte inferior ordenando el lanzamiento, y continúa insistiendo el peticionario en que se haga un avalúo de las siembras existentes. ¿Cuáles son las siembras que deben valuarse? Aquéllas que existían en o antes de haber una sentencia firme. Ha tenido el peticionario más que suficiente tiempo para percibir los frutos de las siembras existentes en junio de 1944, cuando la sentencia en el caso de desahucio fué firme; máxime cuando se trataba de siembras de frutos menores, lo cuales, generalmente, producen una sola cosecha.

*Procede, por lo expuesto, anular el auto expedido.*

Los Jueces Asociados Sres. Snyder y Marrero no intervinieron.

RESOLUCION

San Juan, Puerto Rico, a 22 de mayo de 1947

Por una inadvertencia, tanto de las partes litigantes como de la corte inferior y de este Tribunal, la decisión en este caso se basó en las disposiciones de la Regla núm. 24 de las nuevas Reglas de Enjuiciamiento Civil, las cuales no son aplicables a los procedimientos de desahucio. Empero, el resultado debe ser el mismo aplicando las disposiciones del artículo 72 del Código de Enjuiciamiento Civil (edición de 1933), de conformidad con las cuales no es permisible una intervención como la solicitada en este caso.

La acordó el Tribunal y firma el Sr. Juez Presidente.