José Víctor Figueroa, demandante y apelante, *v.* Ramón Rodríguez, demandado y apelado.

Núm. 9559.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Febrero 26, 1948.

*R. B. Pérez Mercado,* abogado del apelante; *V. Géigel Polanco,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

¿Aduce hechos determinantes de una buena causa de acción la demanda presentada en este caso? Ésa es la cuestión medular envuelta en el recurso que está ante nos.

En la demanda radicada ante el Tribunal de Distrito de San Juan, el demandante José Víctor Figueroa alega que es dueño de un solar radicado en Santurce y que acompaña a la demanda "un certificado de la oficina local de Administración de Precios, autorizando el ejercicio de esta acción"; que en primero de noviembre de 1935 cedió dicho solar al demandado mediante contrato privado por un canon mensual de $5.50 y que amparado en el contrato de arrendamiento citado el demandado construyó sobre el referido solar una casa de madera y dos casillas de concreto dedicadas

al comercio, habiendo sido estas dos últimas construídas en violación del párrafo 10 del contrato de arrendamiento, que expresamente lo prohibe; que el demandado se encuentra adeudando al demandante la cantidad de $71.50; que a tenor de lo provisto por el artículo 297 del Código Civil él ha optado por ejercitar el derecho de accesión sobre la edificación o edificaciones descritas, obligándose a pagar indemnización en la cuantía que sea finalmente fijada por sentencia firme y que hasta tanto se dicte ésta el demandante consigna con la demanda la cantidad de $1,280, que estima es la indemnización que viene obligado a pagar al demandado. Se solicita se dicte sentencia: (1) declarando que el demandante tiene derecho por título de accesión a la edificación o edificaciones descritas; (2) fijando el importe a ser pagado por el demandante; (3) condenando al demandado a satisfacer al demandante los cánones de arrendamiento del solar descritos hasta que entregue posesión de éste y disponiendo que el importe de esos cánones sea deducido del monto de la indemnización que él tenga que pagar al demandado, así como decretando la rescisión del arrendamiento; (4) condenando al demandado a otorgar escritura de venta, a título de accesión, a favor del demandante, de las edificaciones descritas y disponiendo que de no hacerlo así el demandado dentro de diez días lo hará el márshal de la corte; (5) *"condenando al demandado a entregar la posesión y a desalojar y dejar libre(s) y expedita(s) dicha(s) edificación(es), con todas sus accesiones y pertenencias a disposición del demandante, disponiendo, que si no lo hiciere dentro del término razonable fijado por esta Hon. Corte, a contar desde la fecha de la escritura de traspaso de los bienes, se expida una orden de lanzamiento contra el demandado o contra cualquier otra persona que en su lugar ocupe la descrita propiedad;"* (6) "ordenando el pago al demandante de la cantidad fijada como indemnización, tan pronto la venta de la(s) edificación(es) descrita(s) quede consumada mediante la entrega de su posesión al demandante, y finalmente," (7)

imponiendo al demandado el pago de las costas, gastos y desembolsos de la acción. (Bastardillas nuestras.)

A la anterior demanda el demandado interpuso la moción para desestimar de que la misma "no aduce hechos constitutivos de una causa de acción en favor del demandante y en contra del demandado." Descansó dicha moción fundamentalmente en que la relación existente entre el demandante y el demandado lo era la de arrendador y arrendatario; que, en tal virtud, esa relación estaba cubierta por lo provisto por la Ley núm. 464 de 1946 ((1) pág. 1327) conocida por "Ley de Alquileres Razonables" y que habiendo decretado esa ley la suspensión temporal de todo procedimiento de desahucio, a no ser por las causas, condiciones y términos que fija dicho estatuto, también queda en suspenso la acción accesoria, siendo ésta un mero subterfugio del demandante para burlar los propósitos de la referida ley; y que el certificado expedido por el Director de Inquilinato de la Oficina de Administración de Precios carece de toda validez y eficacia legal, toda vez que el mismo no se funda en ninguna de las causas señaladas por la sección 6 del reglamento promulgado bajo los términos de la Ley de Emergencia para el Control de Precios de 1942.

Aunque el mismo no aparece en el legajo de sentencia elevado a este Tribunal, las partes, admiten, al igual que la corte inferior, que el demandado radicó un *affidavit* de méritos haciendo constar que había consignado en la Corte Municipal de San Juan el importe total de los cánones vencidos por concepto del arrendamiento del solar sobre el cual se construyeron la casa y casillas objeto de este pleito.

Además, surge de los autos que las partes mediante estipulación por ellas suscrita sometieron por sus propios méritos la moción de desestimación del demandado.

En una elaborada opinión la corte a quo fué del criterio de que la demanda no aducía hechos y de que toda vez que ésta no era enmendable debía dictar, como dictó sentencia

declarando la demanda sin lugar en todas sus partes. Apeló el demandante para ante este Tribunal y en apoyo de su recurso sostiene que la corte inferior erró al declarar que el demandante carece del remedio de la acción accesoria, ejercitable mediante certificado del Administrador de la Oficina de Administración de Precios; al resolver que una acción de esa naturaleza no es aplicable a los edificantes de solares arrendados para la construcción de estructuras permanentes, residenciales o de negocio; al sostener la separabilidad de las edificaciones, a los efectos de fraccionar en dos el contrato de arrendamiento, subordinando el mismo en parte a la ley y Reglamento de inquilinato federal y en parte a la Ley de Alquileres Razonables local; y, asumiendo que no existe el error anterior, al declarar que el demandante no tiene derecho a proseguir una acción resolutoria contra el demandado por violación del contrato de arrendamiento y para la protección de su derecho contractual.

 Ha quedado establecido en esta jurisdicción que la relación que surge entre el dueño de un solar yermo y aquél a quien lo cede, autorizándole a construir edificaciones permanentes sobre el mismo, mediante el pago por dicha persona de determinado canon periódico, es la de arrendador y arrendatorio. *Palermo* v. *Corte*, 58 D.P.R. 189. También, que no procede entre ellos la acción de desahucio. *Aybar* v. *Jiménez*, 60 D.P.R. 745; y *González Martínez* v. *Marvel*, 56 D.P.R. 466. Además, que el arrendatario en ese caso no es estrictamente hablando el edificante de buena fe corriente, sino que a virtud del contrato celebrado con el dueño del solar se convierte en un "edificante con permiso o a virtud de contrato". *Berrocal* v. *Registrador*, 54 D.P.R. 527, 531. Empero, a nuestro juicio, tanto cuando se construye de buena fe sin permiso del dueño y en la creencia de que se es propietario del terreno sobre el cual se edifica, como cuando se fabrica con el consentimiento expreso del arrendador, el derecho de accesión surge claramente a favor del dueño del terreno, a virtud de lo provisto por el artículo 297 del Có-

digo Civil, Edición de 1930.([1]) Naturalmente, cuando se construye de buena fe sin el consentimiento del verdadero dueño del solar, éste puede instar su acción reivindicatoria en cualquier momento, mientras que cuando se fabrica a virtud de convenio expreso entre las partes o a virtud de un contrato, el dueño del solar no puede iniciar su demanda de accesión sino de conformidad con lo convenido o estipulado.([2]) En uno u otro caso, sin embargo, deberá consignarse con la demanda de accesión una suma razonable para indemnizar al dueño de lo construído por el coste de los materiales y la mano de obra, no quedando consumada la adquisición del título hasta que el demandante cumple su obligación de pagar al edificante la indemnización que por sentencia firme se fije. *Villamil* v. *Camacho,* 64 D.P.R. 821, 823; *Pueblo* v. *Carrasquillo,* 58 D.P.R. 176, 179; *Rivera* v. *Santiago,* 56 D.P.R. 381; y *Carrasquillo* v. *Ripoll y Maldonado,* 56 D.P.R. 395.

██ La demanda radicada en este caso tiene dos objetos: (1) solicitar se ordene al demandado que otorgue título de propiedad de la casa y casillas construídas a favor del demandante y (2) como secuela de ello, que se decrete el desalojo del demandado de las propiedades construídas por éste en el solar del demandante. Como hemos visto, en la demanda se alega que el demandado fabricó con la anuencia del demandante una casa de madera y que sin consentimiento de éste construyó también en el solar objeto del contrato dos casillas de concreto que dedica al comercio. Al fabricar el demandado la casa de madera con el consentimiento

([1])El artículo 297 del Código Civil, Edición de 1930, provee:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este código, o a obligar al que fabricó o plantó, a pagar el precio de terreno, y al que sembró, la renta correspondiente."

([2])En el presente caso se trata de un contrato de arrendamiento de mes a mes, según el cual a la terminación de cualquier mes las partes pueden dar por terminado el contrato.

del dueño, su posición lógicamente es, según ya hemos indicado, algo similar a la de un fabricante de buena fe. No obstante, al fabricar las dos casillas de concreto, el demandado, conforme se alega en la demanda, violó los términos del contrato por ellos celebrado. En cuanto a todas esas construcciones, sin embargo, al vencimiento del contrato de arrendamiento, la acción de accesión procede, de acuerdo con lo provisto taxativamente por el referido artículo 297 del Código Civil, Edición de 1930, y siguientes.

Ahora bien, ¿el hecho de que el Reglamento promulgado a tenor con la ley federal de inquilinato de 1942 y de que la Ley núm. 464 de 1946, supra,(³) provea que sus disposiciones serán aplicables no sólo a los edificios por ellos cubiertos, sino también al terreno o solar en que éstos están enclavados, es óbice para que se resuelva que una demanda con dualidad de propósitos como la presente aduce una buena causa de acción? A nuestro juicio no. Es cierto que existe la posibilidad de que bajo el Reglamento y la ley mencionados, no proceda el desalojo del demandado de las propiedades a que se hace referencia en la demanda. Pero procediendo la acción de accesión y siendo debatible que proceda o no el desalojo del demandado, especialmente cuando se alega por el demandante que ha habido un incumplimiento del contrato de arrendamiento al construirse por el arrendatario sobre el solar dos casillas no autorizadas por el dueño, la corte inferior no debió declarar sin lugar la demanda en su totalidad. Debió denegar la moción desestimatoria, oír a las partes en relación con sus respectivas contenciones y, si la prueba así lo justificaba, resolver que el demandante tiene derecho a la adquisición del título de las edificaciones construídas sobre su solar. En cuanto al desalojo del demandado, luego de tomar en consideración la

---

(³)*Rent Regulation for Housing,* revisado hasta julio 1 de 1945, Oficina de Administración de Precios, sección 13, párrafo 6; Ley núm. 464 de 25 de abril de 1946 ((1) pág. 1327), artículo 3 (*a*) y (*c*). Véase asimismo el *Housing and Rent Act of 1947,* sección 202(*b*).

prueba aportada y las leyes y reglamento de inquilinato vigentes, élla puede resolver si tal desalojo es procedente o no.

Bajo estas circunstancias, *debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*