El Juez Asociado Sr. De Jesús no intervino.

José Enrique Mattei, demandante y apelado, *v.* Jesús Santana Guadalupe, demandado y apelante.

Núm. 9698.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 7, 1948.

*Bauzá & Bauzá,* abogados del apelante; *A. Miranda Esteve* y *R. Martínez Álvarez, Jr.,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Al declarar con lugar la demanda sobre accesión en este caso, la corte inferior hizo constar lo siguiente:

"Deseamos hacer constar que en la audiencia celebrada ante el infrascrito, el abogado del demandante solicitó que de declararse con lugar esta acción no se hiciera pronunciamiento alguno en cuanto a la posesión de la casa ni que se dictara orden alguna de lanzamiento contra el demandado."

En efecto, al comenzar la vista del caso, el abogado del demandante se expresó en esta forma:

"En la vista original nosotros renunciamos y ratificamos ahora a que no deseamos que la Corte en su sentencia, si era favorable al demandante, que no se ordene el lanzamiento del demandado de la casa enclavada en el solar. No deseamos que se incluya pronunciamiento por entender que un pronunciamiento de esa naturaleza equivaldría a un desahucio que está prohibido por ley."

Y en la sentencia dictada la corte se limitó a declarar que el demandante tiene derecho a hacer suya la casa construída por el demandado en solar del demandante, previo el pago al demandado de la suma de $883.31, importe de la indemnización por el costo de los materiales y mano de obra utilizados en la construcción de dicha casa, según fué determinado por un perito nombrado por la corte.

No conforme el demandado con la sentencia apeló y como único señalamiento alega que la corte inferior erró al declarar sin lugar la defensa especial de falta de jurisdicción, por motivo de no haberse cumplido con el artículo 6(d) 1-2 del Reglamento de Inquilinato para viviendas que empezó a regir el primero de febrero de 1944.

El error señalado carece de méritos. El demandante expresamente renunció a cualquier derecho que pudiera tener a desalojar al demandado de la casa que ocupa si prosperaba, como prosperó, su demanda de accesión, y la corte no hizo pronunciamiento alguno ordenando tal desalojo. Aceptando, sin resolverlo, que el Reglamento Federal de Inquilinato fuera aplicable a un caso de esta naturaleza, en el de *Figueroa* v. *Rodríguez*, también sobre accesión, ante, pág. 266, dijimos que si bien "Es cierto que existe la posibilidad de que bajo el Reglamento y la ley mencionados,[1] no proceda el desalojo del demandado de las propiedades a que se hace referencia en la demanda. Pero procediendo la acción de accesión y siendo debatible que proceda o no el desalojo del demandado . . . la corte inferior no debió declarar sin lugar la demanda en su totalidad."

---

[1] La ley a que se hace referencia es la núm. 464 de 1946.

No hay controversia en el caso de autos en cuanto a que el demandado construyó de buena fe en la finca que ahora pertenece al demandante, sin que éste renovara el contrato de arrendamiento que el demandado pudo haber tenido con el anterior dueño de la finca. La única cuestión planteada por el demandado es la del incumplimiento por el demandante de los requisitos del Reglamento Federal de Inquilinato antes de poder obtener sentencia ordenando al demandado desocupar la casa. Empero, habiendo el demandante renunciado expresamente a todo pronunciamiento a ese efecto, y no habiendo la corte en su sentencia ordenado al demandado desocupar la casa, dicha cuestión no está propiamente en controversia en este caso.([2])

*La sentencia apelada será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.

---

([2])La Ley de Inquilinato de 1947 que empezó a regir el 1 de julio de 1947, *Public Law* 129, Congreso 80, 1ª Sesión, privó al Administrador de toda facultad para promulgar reglamentos en relación con desahucios. *Cf. Ávila* v. *Tribunal de Distrito*, ante, pág. 11 y *Branizar* v. *Méndez*, ante, pág. 809.