ERASMO RODRÍGUEZ QUEVEDO, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. ANGEL FIOL NEGRÓN, JUEZ, demandada; BELÉN MARÍA TOUS GONZÁLEZ, interventora.

Núm. 1755.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 22, 1948.

*Rafael Hernández Matos,* abogado del peticionario; *Carlos E. Colón,* abogado de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Expedimos el auto en este caso para revisar la resolución dictada por la Corte de Distrito de Ponce en 16 de febrero del año en curso, declarando sin lugar una moción de intervención presentada por el peticionario.

Surge del expediente elevado que Belén María Tous González, asistida de su esposo. Antonio Llorente, radicó demanda ante dicha corte en cobro de cánones de arrendamiento, daños y perjuicios y accesión; que se dictó sentencia en el referido caso y se declaró con lugar la demanda en tanto la misma reclamaba daños y perjuicios y la accesión de una casa construída de buena fe por el demandado Manuel Rodríguez, a virtud de autorización concedídale por Joaquín Ferrán Lluis, en un solar adquirido más tarde. de éste por la demandante; que varios años antes de entablarse la aludida demanda y de dictarse la sentencia a que hemos hecho mención, el allí demandado Manuel Rodríguez cedió en arrendamiento al peticionario Erasmo Rodríguez Quevedo la casa objeto del pleito de accesión, mediante el pago del correspondiente canon; que el demandado Manuel Rodríguez no apeló de la sentencia dictada, retirando, por el contrario, de la secretaría de la corte inferior la diferencia entre la cantidad que debía pagar la demandante por la accesión y la que él estaba obligado a satisfacer a ésta en concepto de daños y perjuicios por el uso del solar en que la casa estaba enclavada; que la sentencia dictada por la Corte de Distrito de Ponce, en adición a condenar al de-

mandado al pago de daños y perjuicios y conceder la accesión de la casa a la demandante, ordenó y decretó que dentro del término de cuarenta días contado a partir de la fecha en que la demandante hiciera el depósito relacionado con la accesión, el demandado Manuel Rodríguez debía desocupar la referida casa, junto con sus dependientes y allegados y personas puestas por él en la misma, dejándola libre y expedita a la disposición de la demandante, y que de no hacerlo así el Secretario expediría mandamiento al márshal para el lanzamiento de dicho demandado; y que al ser firme la sentencia y no estar desalojada la casa objeto del pleito, se expidió en 2 de diciembre de 1947 un mandamiento que fué notificado por el márshal tres días más tarde al aquí peticionario Erasmo Rodríguez Quevedo, por hallarse éste, según se hace constar en el diligenciado del márshal, ocupando la casatienda que se describe en el mandamiento.

También surge del récord que cuatro días después de ser así requerido el peticionario Erasmo Rodríguez Quevedo para que desalojara la casatienda que por años había tenido en arrendamiento, él acudió ante la corte de distrito con una moción de intervención, acompañada de la correspondiente demanda; que en ambos documentos se hace una relación de hechos similar a la que figura en el párrafo anterior de esta opinión y se alega que no habiendo sido el peticionario parte en el pleito de accesión debía permitírsele intervenir, a fin de que no se le desahuciara sin habérsele oído y sin darse cumplimiento a lo preceptuado por la Ley núm. 464 de 25 de abril de 1946 ((1) pág. 1327).

Es incuestionable que el peticionario Erasmo Rodríguez Quevedo no fué parte en la demanda de accesión entablada contra su arrendedor Manuel Rodríguez. Es indiscutible igualmente que la demandante en dicho pleito tenía pleno conocimiento de que éste poseía como arrendatario desde hacía años la casa objeto del pleito de accesión. Así lo hace constar la corte a quo en su resolución denegando

la intervención y así lo admiten las partes. Empero, el hecho de que él sirviera como testigo en dicho pleito y de que tuviera conocimiento del mismo no daba jurisdicción a la corte para desahuciarle dentro del pleito de accesión, especialmente sin darle oportunidad de ser oído y de defenderse. Cf. *Autoridad de Fuentes Fluviales* v. *Corte*, 65 D.P.R. 480.

En *Figueroa* v. *Rodríguez*, ante, pág. 266 manifestamos que una demanda de accesión tiene dualidad de propósitos, siendo el primero de ellos ordenar al demandado que otorgue a favor del demandante título de propiedad de la casa por él construída de buena fe en terrenos pertenecientes a éste; y el segundo, secuela del primero, decretar el desalojo del demandado de la propiedad por él construída en el solar del demandante. No obstante, en tales casos y dadas las prescripciones de la ley vigente sobre inquilinato —Núm. 464, supra—, el mero hecho de que se declare con lugar la demanda en cuanto al primer aspecto no quiere decir necesariamente que proceda el inmediato desalojo de la persona que está en posesión de la propiedad objeto de la demanda de accesión. Véase *Branizar* v. *Méndez*, ante, pág. 809.

El demandado Manuel Rodríguez, según ya hemos indicado, acató la sentencia y la misma se convirtió, en cuanto a él, en firme y ejecutoria. Esto, sin embargo, no significaba que bajo la sentencia dictada en su contra pudiera procederse, sin más, contra el arrendatario Erasmo Rodríguez Quevedo. Éste tenía derecho a ser oído antes de que pudiera lanzársele de la casa en que tenía su establecimiento. Al acudir a la corte inferior con su solicitud de intervención cuatro días después de haber sido notificado del mandamiento librado en el caso, él actuó prontamente y la corte inferior debió haberle permitido la intervención. El hecho de que radicara su solicitud después de dictada sen-

tencia y cuando ésta ya era firme no altera su situación. *Benítez* v. *Tabacaleros, etc. y Fed. Int. Credit Bank*, 50 D.P.R. 791. Él actuó con toda diligencia al requerírsele para que desalojara la propiedad de la cual estaba en posesión. Cf. *Torres* v. *Corte*, 67 D.P.R. 292.

La Regla 24 de las de Enjuiciamiento Civil para las cortes de Puerto Rico dispone en su apartado (*a*):

"(*a*) *Intervención por Derecho.*—Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en una acción (1) cuando un estatuto confiere un derecho incondicional a intervenir; (2) *cuando* la representación del interés del solicitante por las partes ya en el litigio fuere o pudiere ser inadecuada y *el solicitante estuviere o pudiere resultar obligado por una sentencia en el pleito;* o (3) *cuando el derecho del solicitante pudiere resultar adversamente afectado por una distribución o cualquier otra disposición de la propiedad que se hallare bajo la custodia de la corte o de un oficial de la misma.*" (Bastardillas nuestras.)

No hay duda de que en el presente caso los derechos del solicitante podían ser obligados por la sentencia dictada, ni de que sus derechos podían resultar adversamente afectados por la disposición de la propiedad objeto del litigio en que deseaba intervenir. Él no había sido parte en el pleito de accesión y, no obstante, iba a desahuciársele de la propiedad que ocupa sin dársele oportunidad para ser oído, sin darse cumplimiento a las disposiciones de la Ley núm. 464 de 1946 y sin haber tenido su día en corte. Bajo estas condiciones debió haberse declarado con lugar su moción de intervención y haberse resuelto si procedía o no el desalojo del peticionario dentro de las circunstancias que concurrían o si por el contrario era menester que se incoara una acción independiente de desahucio en su contra.

*Debe anularse la resolución recurrida.*

El Juez Asociado Sr. De Jesús no intervino.