Nicolás A. García Torréns, demandante y apelado, *v.* Josefa Stella Oms, demandada y apelante.

Núm. 9817.—*Sometido:* Abril 6, 1949. *Resuelto:* Mayo 13, 1949.

*Harry B. Llenza,* abogado de la apelante; *R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados del apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

La apelante compró una casa que había sido construída en solar ajeno. Posteriormente el solar fué vendido al apelado. El 8 de enero de 1947 el apelado presentó la demanda de este caso reclamando la casa a título de accesión para lo cual depositó en la corte inferior, a disposición de la de-

mandada, la cantidad de $1,000 que alegó era el costo de los materiales empleados en la edificación, más el importe de la mano de obra, menos depreciación, expresando, además, que la demandada no pagaba canon alguno por el solar. Por el contrario, la demandada alegó en la contestación que poseía el solar a virtud de arrendamiento de mes a mes celebrado por el anterior dueño de la casa con el anterior dueño del solar, por canon de $4 mensuales, el cual había pagado puntualmente, primero al anterior dueño del solar, y al demandante después. En el acto del juicio éste aceptó la existencia del arrendamiento y que cuando se radicó la demanda no se debía canon alguno. Sin embargo, adujo que como se trataba de un contrato de mes a mes, él tenía derecho a darlo por terminado al finalizar cada mes lo cual había hecho; y que habiendo terminado así el contrato, estaba en condiciones de reclamar la casa a título de accesión.

La corte inferior declaró con lugar la demanda, previo pago de $1,500 a la demandada y condenó a ésta a dejar la casa a la libre disposición del demandante dentro de cuarenta días a partir de la notificación de la sentencia.

■ La corte al así resolver siguió la doctrina que este Tribunal reiteradamente ha venido sosteniendo al efecto de que procede la accesión cuando un edificante de buena fe construye en suelo ajeno sin que exista arrendamiento del solar, y en caso de haber existido, cuando por cualquier causa haya terminado el arrendamiento. *Rivera* v. *Santiago,* 56 D.P.R. 381 y *Palermo* v. *Corte,* 58 D.P.R. 189.

La demandada concentra todo su esfuerzo a atacar la doctrina aplicada por la corte, pero la misma ha echado hondas raíces en esta jurisdicción, y como la apelante no aduce ningún argumento nuevo que no haya sido considerado ya por este Tribunal en casos anteriores, parece inútil discutirla una vez más.

■■ El demandante tenía derecho a adquirir el título de la casa por accesión; pero tratando de obviar la decisión

de este Tribunal en *Figueroa* v. *Rodríguez,* 68 D.P.R. 266, al efecto de que puede obtenerse la accesión sin que dentro de la misma acción el demandante tenga derecho a la posesión de la casa, alega que dicho caso fué erróneamente resuelto. Basa su tesis en que el título por accesión conlleva el pleno dominio de la propiedad, y que éste incluye el derecho a la posesión. En circunstancias ordinarias daríamos la razón al demandante; pero dada la emergencia de escasez de viviendas que ha dado motivo a legislación sobre la materia, no podemos convenir en que por el mero hecho de que el demandante obtenga título de dominio, pueda desalojar a la demandada de la casa que ha sido construída a virtud de arrendamiento de solar, sin antes cumplir con los requisitos de la Ley Federal de Alquileres. Por eso se dijo en *Figueroa* v. *Rodríguez,* supra, que la demanda de accesión en aquel caso tenía dualidad de propósitos: el primero obtener el título de dominio sobre el inmueble; el segundo adquirir la posesión; que podía obtenerse el título de dominio por accesión, y sin embargo no haber derecho a desalojar al anterior dueño considerada la ley antes mencionada y reglamentos sobre la materia. La doctrina no es errónea. Se nos argüirá que en el presente caso la persona de quien se adquiere título por accesión es la misma que ocupaba la casa; pero es que ella tenía un contrato de arrendamiento sobre el solar y de acuerdo con la ley federal, mientras estuviese pagando el canon de arrendamiento del mismo, el demandante no podía, por un medio indirecto, es decir, a través de una acción de accesión, desalojarla de la propiedad habiendo ella cumplido su contrato pagando puntualmente el canon de arrendamiento.

En el presente caso la corte inferior estimó que el costo de los materiales invertidos en la casa, más la mano de obra, montaba a $1,500, y sobre ese punto no hay discusión. En consecuencia, procede modificar la sentencia recurrida limitándola a conceder al demandante título sobre la casa por

accesión y eliminar lo que respecta al desalojo de la demandada, dejando a las partes que litiguen esta cuestión de acuerdo con la Ley Federal y Reglamentos promulgados por autoridad de la misma.

*Procede modificar la sentencia en la forma indicada y así modificada se confirma.*