630

PEDRO TORO RODRÍGUEZ, demandante y apelado, *v.* ARQUÍMIDES MOJICA RODRÍGUEZ, demandado y apelante. EL MISMO, demandante y apelado, *v.* EMETERIO MOJICA VALENTÍN y su esposa MARÍA CRISTINA RODRÍGUEZ DE MOJICA, demandados y apelantes.

Números 11508 y 11509.

*Sometidos:* 9 de mayo de 1955. *Resueltos:* 5 de septiembre de 1956.

*Yamil Galib Frangie,* abogado de los apelantes; *Ildefonso Freyre,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Este pleito comenzó con la presentación de dos demandas en las cuales Pedro Toro, *sin solicitar el desalojo de los demandados,* reclamó el título de dominio por accesión sobre dos casas pertenecientes a éstos. El demandante es dueño de dos solares adyacentes que tenía arrendados a los demandados mediante contratos sin término fijo, pagándose los cánones al finalizar cada mes. Y sobre dichos solares los demandados construyeron las dos casas de vivienda aludidas, con el consentimiento y permiso del dueño, varios años antes de la radicación de las demandas en este caso.

En síntesis, Pedro Toro alegó: (1) que había dado por terminados los contratos de arrendamiento sobre dichos solares; (2) que por accesión reclamaba el título de las dos casas que allí construyeron los demandados; y (3) que el precio de los materiales y mano de obra utilizados en la construcción de las casas era de $6,400, cantidad que ofreció pagarle a los demandados. Por su parte, éstos en su contestación negaron que ése fuera el precio justo y razonable, alegando en contrario que ascendía a un total de $16,500. Además por vía de defensa ambos adujeron (1) que el contrato de arrendamiento "no ha vencido y se encuentra hasta el presente en toda su fuerza y vigor", y (2) que "el demandante no intenta de buena fe la presente acción de accesión y la misma obedece a su deseo de aumentar el canon de arren-

damiento del solar . . . a una suma mayor que la autorizada por ley." Se celebró el juicio en sus méritos ante el Tribunal Superior, Sala de Mayagüez, y éste finalmente dictó sentencia declarando con lugar las demandas, sin ordenar el desalojo de los demandados, pero fijando el precio a pagar por las casas en un total de $8,164.76.

Este recurso de apelación interpuesto por los demandados se basa en que el tribunal a quo incidió en error: *primero*, en la apreciación de la prueba, al determinar como cuestión de hecho que los contratos de arrendamiento habían terminado a la fecha de presentación de las demandas de accesión en este caso; y, *segundo*, como cuestión de derecho, al resolver que el arriendo de un solar puede darse por terminado sin cumplir con los requisitos que fija el art. 12–A de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 193), siempre que el único fin sea obtener el título de dominio por accesión sobre las casas allí edificadas y que en la sentencia no se ordena el desalojo de las personas que ocupan dichas casas. A nuestro juicio, ambos señalamientos de error carecen de méritos.

██ En primer lugar, se trata en el presente caso de un contrato de arrendamiento de mes a mes, según el cual a la terminación de cualquier mes las partes podían dar por terminado el arriendo, sin necesidad de requerimiento especial. Artículo 1471 del Código Civil (ed. 1930), 31 L.P.R.A. sec. 4092; *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432, 443 (1953). Nada hay en los autos que nos permita dejar sin efecto la determinación de hecho del tribunal a quo, basada en el testimonio oral presentado en el juicio, al efecto de que en julio 1 de 1953 el demandante "notificó a los demandados que no deseaba continuar con los arrendamientos, negándose de ahí en adelante a recibir el pago de las mensualidades vencidas, y procediendo entonces . . . a radicar el 15 de julio de 1953 las demandas de accesión que nos ocupan". Véase la Regla 52 de las de Enjuiciamiento Civil, 32 L.P.R.A.

Ap., R. 52; Cf. *Carrión* v. *Tesorero de P. R.*, ante pág. 371 (1956).

 Desde luego, el derecho de accesión puede ejercitarse " . . . cuando un edificante de buena fe construye en suelo ajeno sin que exista arrendamiento del solar, y en caso de haber existido, cuando por cualquier causa haya terminado el arrendamiento". *García* v. *Stella*, 69 D.P.R. 977, 978 (1949). Y, en aplicación de esta doctrina, quedó establecido definitivamente en *Berrocal* v. *Tribunal de Distrito*, 76 D.P.R. 38, 41 (1954) que ". . . un arrendatario *con permiso del dueño para edificar* sobre el solar arrendado, que proceda a edificar sobre dicho solar, es un edificante de buena fe . . ." [1] Por otro lado, conforme a los arts. 297, 382 y 383 del Código Civil (31 L.P.R.A. secs. 1164, 1468 y 1469), el dueño del solar en que se ha edificado de buena fe, al ejercitar su derecho de accesión, tiene la opción de abonar los gastos necesarios y útiles hechos por el poseedor o el aumento del valor que por dichos gastos haya adquirido el solar. En el presente caso el demandante optó por abonar los gastos útiles y necesarios, es decir, los costos de los materiales y de la mano de obra que se utilizaron para construir las casas (sin depreciación) según la situación prevaleciente al hacerse dichas edificaciones. Véase *Viera* v. *Arizmendi*, 74 D.P.R. 38 (1952).

 Es doctrina reiterada que la demanda de accesión "tiene dualidad de propósitos: el primero obtener el título de dominio sobre el inmueble; el segundo adquirir la posesión (mediante el desalojo del anterior dueño)". *García* v. *Stella*, 69 D.P.R. 977, 979 (1949); *Rodríguez* v. *Corte*, 68 D.P.R. 978, 981 (1948); *Mattei* v. *Santana*, 68 D.P.R. 888, 889 (1948); *Branizar* v. *Méndez*, 68 D.P.R. 809, 812

---

[1] Esta doctrina no fué alterada en *Marchand* v. *Montes*, 78 D.P.R. 131 (1955). Allí las edificaciones no fueron construídas con la autorización del dueño del solar arrendado ni "a ciencia y paciencia" de éste. (Pág. 137.) De ahí la sentencia declarando inaplicable a dicho caso los arts. 297 y sigtes. del Código Civil que tratan del derecho de accesión.

(1948) ; *Figueroa* v. *Rodríguez*, 68 D.P.R. 266, 271 (1948). La cuestión del desalojo de los demandados fué expresamente renunciada por el demandante y, además, la sentencia no ordenó desocupar ni los solares ni las casas. Por tanto, aquí no está envuelta la Ley de Alquileres Razonables que se aplica únicamente a la situación en que se pide o se ordena el desahucio o desalojo del inquilino. En efecto, aunque es obligatoria para el arrendador la prórroga del contrato de arriendo, tanto en cuanto a viviendas como respecto a locales de negocio y solares "en los cuales existen edificaciones pertenecientes a dueño distinto al del solar" (art. 12; 17 L.P.R.A. sec. 192), dicha prórroga involuntaria se limita, según el art. 12-A (17 L.P.R.A. sec. 193), a los casos en que el arrendador desea denegar la misma para "promover la acción de desahucio" o el desalojo como secuela de la acción de accesión.([2]) Por tanto, aún sin cumplir con los requisitos del art. 12-A (que dispone en qué casos excepcionales podrá denegarse la prórroga a los fines de desahuciar o desalojar al inquilino) el dueño de un solar arrendado puede denegar la prórroga del contrato para así obtener la resolución del mismo con el único fin de reclamar el título de dominio por accesión de una edificación construída sobre el

---

([2]) El art. 12-H de dicha ley (17 L.P.R.A. sec. 200) provee que: "No se podrá evadir la prórroga involuntaria prescrita . . . mediante la interposición de acciones para recobrar la posesión, de *injunction,* de accesión, o de clase alguna *que tenga como resultado final el desalojo del inquilino* . . ." (Bastardillas nuestras.) Esto confirma nuestra conclusión de que la Ley de Alquileres Razonables es inaplicable cuando en la acción de accesión se ventile y se resuelve únicamente la cuestión relativa al título de dominio sobre un inmueble. Por otro lado, para cumplir con las disposiciones del citado art. 12-H y de las demás disposiciones de la Ley de Alquileres Razonables, una vez que el dueño de los solares adquiera finalmente por accesión el título de dominio sobre las casas, el Administrador podrá fijar el alquiler razonable de cada casa a base de los costos de construcción, ajustándose a la norma de que en ningún caso el alquiler razonable, computado por una anualidad, excederá del 12 por ciento del costo de la obra. Conviene señalar que en la acción de accesión el Tribunal Superior fijó el precio que debía pagar el dueño de los solares por las casas precisamente a base de los costos de construcción de las mismas. Cf. 17 L.P.R.A. sec. 186.

solar con su consentimiento. Claro está que el desalojo del poseedor como secuela de la acción de accesión no puede nunca llevarse a cabo excepto en los casos que permite el art. 12–A. Cf. *Rodríguez* v. *Tribunal Municipal y Ramos*, 74 D.P.R. 656, 663 (1953). Pero esta última cuestión no tiene que ventilarse necesariamente dentro del pleito de accesión, si el dueño del solar renuncia expresamente a que el tribunal ordene tal desalojo: la sentencia puede entonces limitarse a un pronunciamiento respecto al título de dominio sobre el inmueble. Esto fué lo que ocurrió en el caso de autos y, por tanto, la "buena fe" del dueño del solar al intentar la presente acción de accesión contra los demandados no juega aquí ningún papel. *Figueroa* v. *Rodríguez*, supra, págs. 272–273; *Rodríguez* v. *Corte*, supra, pág. 981 (1948) y *García* v. *Stella*, supra, pág. 979. Cf. *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385 (1953); *Roselló Hnos.* v. *Figueroa*, 78 D.P.R. 261 (1955); *Valentín* v. *Figueroa*, ante pág. 444 (1956).

*La sentencia apelada será confirmada.*

Los Jueces Asociados Sres. Negrón Fernández y Sifre disienten.

El Juez Asociado Sr. Pérez Pimentel no intervino.