MOISÉS MARÍN, demandante y recurrido, *v.* GASPAR MONTIJO, demandado y recurrente.

*Número:* R-76-286      *Resuelto:* 29 de noviembre de 1979

270

*Samuel Ramírez Torres*, abogado del recurrente; *Jorge Marín Báez*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

En 4 de agosto de 1975 el demandante instó un pleito de desahucio contra el demandado alegando ser dueño de un local destinado al negocio de panadería que había cedido en arrendamiento al demandado, de mes a mes, por un canon mensual de $125.00. Como razón para el desahucio alegó que deseaba retirarlo del mercado de alquileres para dedicarlo de buena fe a su propio uso. El demandado inquilino aceptó la primera alegación reseñada precedentemente pero negó la buena fe del demandante al retirar el local del mercado de alquileres.

El tribunal de instancia concluyó que el demandante era

dueño del local en cuestión y reconoció la buena fe del desalojo conforme lo autoriza el inciso 6 del Art. 12-A de la Ley de Alquileres Razonables. 17 L.P.R.A. sec. 193(6).

No conforme con la sentencia dictada el inquilino recurre ante nos haciendo tres señalamientos de error.

En el primero impugna la jurisdicción del Tribunal Superior para conocer originalmente en el caso por no exceder el canon de arrendamiento, fijado por el Departamento de Asuntos del Consumidor, de mil dólares computado por una anualidad, conforme lo dispone el Art. 622 del Código de Enjuiciamiento Civil, 1933; 32 L.P.R.A. sec. 2823. Hemos resuelto reiteradamente, a tenor con la Sec. 10 de la Ley de la Judicatura, 4 L.P.R.A. sec. 62, que no ha de desestimarse ningún caso por el fundamento de haberse presentado en una sección del Tribunal de Primera Instancia que no tenga atribución legítima (competencia) para conocer del asunto. *Gómez Hermanos, Inc.* v. *Tribunal Superior*, 100 D.P.R. 625, 628 (1972). Sólo es menester que medie el convenio de las partes y la anuencia del juez. El demandado no objetó oportunamente la competencia del Tribunal Superior y al no hacerlo accedió a que continuara ventilándose el caso allí. Véase *Rodríguez* v. *Registrador*, 75 D.P.R. 712, 730 *in fine* (1953). El juez de instancia por su parte mostró su anuencia al conocer del asunto.

En su segundo señalamiento el inquilino impugna la conclusión del juzgador de que el demandante sea dueño del local objeto del desahucio. Alega por tanto que el demandante no tiene capacidad para instar la acción de desahucio por no autorizarla el Art. 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2821.

▇▇▇ Comenzaremos por señalar que el inquilino aceptó en su contestación que el demandante era el dueño de la propiedad y que se la había cedido en arrendamiento. En un movimiento tardío, tratándose de un pleito sumario, el inquilino presentó en el juicio—más de ocho meses después de instada la acción—una certificación del Registro de la Pro-

piedad que databa de unos días después de la consolidación de la primera comparecencia y de la vista en su fondo, demostrativa de que una hermana del demandante aparecía como titular registral. Es sabido que con excepción de un derecho hipotecario, Art. 1774 del Código Civil, 31 L.P.R.A. sec. 5042, o un derecho sujeto a las disposiciones de la Ley de Propiedad Horizontal, 31 L.P.R.A. sec. 1291, la inscripción registral es sólo declarativa y no es fuente de derechos. Véanse *Goenaga* v. *O'Neill de Milán*, 85 D.P.R. 170, 205 (1962); *Baldrich* v. *Registrador*, 77 D.P.R. 739, 745 (1954). La inscripción en el Registro no es modo de adquirir derechos, sino de garantizar los ya existentes legalmente mediante la publicidad registral. *Goenaga* v. *O'Neill de Milán*, supra; véase *Jiménez* v. *Alvarez*, 69 D.P.R. 323, 332 (1948). Salvo las dos excepciones ya mencionadas, en nuestra jurisdicción los derechos reales se constituyen, transmiten, modifican y extinguen con arreglo a las disposiciones del Código Civil y las otras leyes sustantivas aplicables.

Independientemente del anterior razonamiento veamos quién puede instar una acción de desahucio. Las fuentes legales para instar una acción de desahucio en esta jurisdicción son la Ley de Desahucio, 32 L.P.R.A. sec. 2821 *et seq.;* el Art. 1459 del Código Civil, 31 L.P.R.A. sec. 4066, y la Ley de Alquileres Razonables, Art. 12-A, 17 L.P.R.A. sec. 193. *Flores* v. *Flores Toledo,* 101 D.P.R. 61, 66 (1973).

■ Las personas con derecho a promover la acción de desahucio están designadas en el Código de Enjuiciamiento Civil que dispone:

"Tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios y *cualquiera otro que tenga derecho a disfrutarla*, y sus causahabientes." Art. 620. (Énfasis nuestro.)

■ Por otro lado la Ley de Alquileres Razonables, que es la que rige este caso por estar sujeto el local en cuestión a sus disposiciones, establece el derecho del *propietario* de un local arrendado a retirarlo del mercado de alquileres cuando de buena fe desee utilizarlo para su propio uso. Art. 12-A, inciso 6;

17 L.P.R.A. sec. 193(6). Dicha Ley define los términos *propietario* y *dueño* como que "incluyen y significan según su aplicación a todo propietario, dueño, *arrendador*, subarrendador, administrador, persona natural o jurídica, gerente y apoderado para los efectos de la Administración de una o más propiedades de alquiler". (Énfasis nuestro.) Art. 22, inciso (c); 17 L.P.R.A. sec. 212(c).

Aparte de que la Ley de Desahucio autoriza a cualquiera otro que tenga derecho a disfrutar la propiedad, entre los que claramente se encuentra un arrendador, la Ley de Alquileres Razonables, que es la que aplica, extiende el concepto "dueño" o "propietario" al arrendador. Comoquiera que el inquilino aceptó que gozaba del disfrute del local por virtud de arrendamiento concedídole por el demandante, éste tiene derecho a instar desahucio por los motivos que autoriza la Ley de Alquileres Razonables.

■ Como tercero y último señalamiento el inquilino demandado alega que cometió error el juez recurrido al concluir que el demandante retiraba de buena fe la propiedad del mercado de alquileres. Sobre este aspecto desfiló prueba contradictoria cuyo conflicto fue dirimido por el juzgador. La buena fe consiste en demostrar que el demandante no haya actuado motivado por cualquier intención que no sea la de obtener el local para establecer su negocio. *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385, 391 (1953). El tribunal de instancia dirimió el conflicto de la prueba a favor del demandante por merecerle entero crédito su declaración al efecto de que habría de utilizar el local para establecer un negocio propio.[1]

Para derrotar la acción de desahucio, atacando la buena fe

---

[1] Su posición encuentra sólido fundamento en los autos. *Flores* v. *Kambourian*, 98 D.P.R. 185 (1969). A preguntas de su abogado contestó el Sr. Marín:

"Lcdo. Marín:

"Dígame Sr. Marín Báez, usted además de comerciante de mercancía seca ¿quiere dedicarse a algo más?

"Testigo:

"Sí señor. Me gustan los muebles, porque esto está tan competido el ramo éste de mercancía seca y yo intereso esa propiedad porque yo tengo un yerno, verdad, y

del demandante el inquilino declaró que unos meses antes y con su consentimiento había incurrido en reparaciones ascendentes a $15,000. De la prueba surge que las reparaciones hechas por el inquilino eran necesarias para conservar la propiedad en estado de servir para el uso a que ha sido destinada. Surge además que el inquilino dio notificación adecuada y suficiente al arrendador de su necesidad, y que éste se negó a llevarlas a cabo consintiendo expresamente a que el inquilino las hiciera a su costo para poder así continuar operando su negocio.

■ Esta peculiar circunstancia de que el arrendador supiera que el arrendatario estaba realizando las reparaciones señaladas no desvirtúa el hecho de que el dueño deseara luego la propiedad para su propio uso. El requisito de buena fe requerido del dueño o arrendador por la Ley de Alquileres Razonables no queda afectada por el solo hecho de que éste haya consentido a las reparaciones. Pues la buena fe

quería ponerle la tienda de mercancía seca por que él fue administrador en Felipe García como nueve años y sabe de eso.

"Lcdo. Marín:

"¿Usted quiere dedicarse ahora a mueblero?

"Testigo:

"A mueblero.

"Lcdo. Marín:

"¿Y utilizaría ese local que tiene Montijo para mueblería?

"Testigo:

"Sí señor.

"Lcdo. Marín:

"Usted sabe que si usted no dedica ese local para mueblería el Sr. Montijo tiene una acción contra usted de triple daño o sea está obligado a dedicarse a mueblero.

"Testigo:

"Sí lo entiendo así.

"Lcdo. Marín:

"O sea, usted necesita retirar del mercado de alquileres el local.

"Testigo:

"Correcto.

"Lcdo. Marín:

"Y eso es lo único que lo mueve a usted . . . .

"Testigo:

"Solamente eso."

requerida al dueño o arrendador lo es "el de retirar la propiedad del mercado de alquileres para su propio uso". Art. 12-A, 17 L.P.R.A. sec. 193. *Valentín* v. *Figueroa,* 79 D.P.R. 444, 452 (1956); *Roselló Hnos.* v. *Figueroa,* 78 D.P.R. 261 (1955); *Segarra Serra* v. *Scott,* 242 F.2d 315 (1957). Debemos, sin embargo, definir con precisión aquellos derechos que asisten a un inquilino que con el expreso consentimiento de su arrendador hace mejoras a la cosa objeto del arrendamiento que resultan ser necesarias para su adecuado disfrute.

■    Conforme dispone el Código Civil en su Art. 1444, 31 L.P.R.A. sec. 4051, referente a las relaciones arrendaticias, y la Ley de Alquileres Razonables en su Art. 10, 17 L.P.R.A. sec. 190, es obligación del arrendador, salvo pacto en contrario, hacer en la cosa arrendada todas las reparaciones necesarias a fin de conservarla en estado de servir para el uso a que ha sido destinada. *Maldonado* v. *Interamerican University,* 104 D.P.R. 420, 425 (1975); *Oller* v. *Purcell Bauzá,* 92 D.P.R. 148, 151 (1965). Pero puede suceder que a pesar de haber sido debidamente interpelado para que proceda a reparar, el arrendador se niegue a hacerlo aduciendo excusas de cualquier grado de validez. En estas circunstancias el inquilino está facultado, a tenor con el Art. 1446 del Código Civil, 31 L.P.R.A. sec. 4053, para pedir la rescisión del contrato y la indemnización de daños y perjuicios; o sólo esto último dejando el contrato subsistente. *Branizar* v. *Méndez,* 68 D.P.R. 809, 811 (1948). Y en casos como el de autos en que opera la Ley de Alquileres Razonables, puede también el inquilino acudir ante el Departamento de Asuntos del Consumidor en reclamo de protección.([2])

---

([2])La Sec. 33 del Reglamento de Inquilinato de 15 de diciembre de 1964, 17 R.&R.P.R. § 186--33 provee una elaborada estructura que ha de regir cuando el arrendador de propiedades cubiertas por la Ley de Alquileres Razonables se niega a hacer las mejoras de rigor. Ello no es óbice, sin embargo, para que las partes acuerden proceder de distinta manera quedando obligadas en virtud de los acuerdos que adopten. Recuérdese que en el caso de autos el inquilino hizo las reparaciones luego de obtener el consentimiento del arrendador.

■ Ahora bien, la doctrina científica sostiene con atinado criterio que el arrendatario puede también verificar por sí las reparaciones, especialmente si media el consentimiento del arrendador, obteniendo así un derecho contra el dueño para, por la acción de conducción, pedir el resarcimiento de su costo. Q. M. Scaevola, *Código Civil*, Madrid, 1952, T. XXIV, primera parte, págs. 719–720; J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 10ma ed., Madrid, 1977, T. IV, pág. 311; J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, 1956, T. II, Vol. II, págs. 274–275. Igual posición sustentan la jurisprudencia francesa, J. Ma. Manresa, *Comentarios al Código Civil Español*, 6ta ed., Madrid, 1969, T. X, Vol. II, pág. 126; y la legislación argentina, C. Arias, *Derecho de Arrendamientos Urbanos*, Buenos Aires, 1966, pág. 279. Su gran sentido funcional nos mueve a adoptarla.

Así, el inquilino que efectúa reparaciones necesarias mediando la anuencia del casero, deriva contra éste un crédito que asciende al costo de las obras realizadas y es preciso determinar si de alguna manera queda garantizada su acreencia al ser válidamente obligado por el dueño a abandonar la propiedad donde hizo las reparaciones.

■ La controversia no es, en esencia, nueva ante este Tribunal. Nos hemos enfrentado a aspectos muy similares al interpretar el Art. 1463 del Código Civil, 31 L.P.R.A. sec. 4070. *Castro Anguita* v. *Figueroa*, 103 D.P.R. 847 (1975); *Toro* v. *Mojica*, 79 D.P.R. 630 (1956); *Marchand* v. *Montes*, 78 D.P.R. 131 (1955); *García* v. *Stella*, 69 D.P.R. 977 (1949); *Figueroa* v. *Rodríguez*, 68 D.P.R. 266 (1948); *Freyre* v. *Blasini*, 68 D.P.R. 211 (1948). Atemperando el rigor del artículo citado, que tiene el efecto de considerar como poseedor de mala fe a todo arrendatario sobre las mejoras útiles o de recreo que establezca, resolvimos en los casos citados que un arrendatario que *con permiso del dueño edifique* sobre el terreno arrendado debe ostentar el rango de edificante de buena fe, conforme al Art. 382 del Código Civil, 31 L.P.R.A. sec. 1468, con derecho de retener la cosa arren-

dada hasta tanto se le compense por las obras realizadas.([3]) Véase R. E. Bernier, *El Derecho de Accesión en Puerto Rico*, Barcelona, 1970, pág. 88. Las razones que justificaron nuestras decisiones en los casos mencionados con mucha más fuerza nos conducen a conceder el derecho de retención a un inquilino que se vio obligado a llevar a cabo reparaciones necesarias en la propiedad que disfrutó en arrendamiento. La buena fe del arrendatario resalta ahora con más elevado relieve cuando no meramente construye con permiso del propietario, sino que *con su anuencia* procede a relevarlo en el ejercicio de una obligación que la ley le impone,([4]) conservándole un elemento de su patrimonio cuyo deterioro es inminente. *Freyre* v. *Blasini*, 68 D.P.R. 211, 214 *et seq.* (1948). Ver P. Beltrán de Heredia de Onís, *El derecho de retención*, en XXXVI Rev. Der. Privado 1005 *et seq.* (1952).

Como hemos dicho antes, en cuanto a las mejoras útiles, el Código equipara los derechos del arrendatario con los del usufructuario. En este sentido debe destacarse que aunque la ley guarda silencio en el caso de mejoras necesarias, hechas por el arrendatario, el usufructuario tendría derecho a la retención en tales casos a tenor con el Art. 430 del Código Civil, 31 L.P.R.A. sec. 1522. No podemos dudar, por tanto, que el mismo principio debe regir el caso de arrendamientos, obedeciendo a la analogía que el propio Código establece, sin que deba menoscabarse el derecho del arrendatario por el solo hecho de que la acción elegida por el arrendador en cierto

---

([3])El rembolso al arrendatario de las mejoras útiles es tutelado en España desde 1929 en virtud de los Arts. 15 al 18 del Real Decreto sobre arrendamientos rústicos del 21 de noviembre de aquel año acercándose otra vez al criterio sustentado en la ley 24, título VIII de la quinta Partida del Rey Sabio, de antiguo origen, abandonado por el Código.

([4])Así, se asemeja más el inquilino a las figuras que tradicionalmente han disfrutado del derecho de retención, cuales son el mandatario, Art. 1621 del Código Civil, 31 L.P.R.A. sec. 4464, el arrendatario de obras, Art. 1492 del Código Civil, 31 L.P.R.A. sec. 4133, o el arrendatario de servicios para quien modernamente se reclama dicha protección. José Ma. Ramos González, *El ámbito del derecho de retención. Su problemática*. Revista General de Derecho, números 385–386, pág. 959 *et seq.* (1976).

caso sea el desahucio y no la accesión u otra acción ordinaria. *Sentencia del Tribunal Supremo de España del 18 de marzo de 1948;* J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, 1971, T. III, Vol. 1, pág. 405; M. Moreno Mocholi, *El Precario*, Barcelona, 1951, pág. 347. No debe, pues, obligarse al inquilino que efectuó reparaciones necesarias a abandonar la propiedad hasta tanto se le reembolsen sus gastos de acuerdo con las normas que rigen la accesión—aunque claro está que el desalojo del poseedor como secuela de la acción de accesión solamente puede llevarse a cabo en los casos de excepción que permite el Art. 12-A de la Ley de Alquileres Razonables, entre los que se encuentra la necesidad de ocupar para sí de buena fe el local de comercio del propietario o arrendador, cuando éste no tuviere otro local en el mismo edificio. *Toro* v. *Mojica*, 79 D.P.R. 630, 633 *et seq.* (1956).

Debe señalarse, sin embargo, que tratándose el desahucio de un procedimiento de naturaleza sumaria de gran utilidad, no puede derrotarse con sólo aducir que se han hecho mejoras necesarias con el consentimiento expreso del arrendador. Al igual que sucede cuando se plantea un conflicto de título, no basta una mera alegación para que prospere la defensa. Ver *Pérez* v. *Castro*, 52 D.P.R. 274, 282 (1937). Por ello le corresponde al demandado, más que alegar, demostrar satisfactoriamente el mérito de su reclamo. Sin causar dilaciones en el proceso debe, en el momento oportuno, presentar prueba que lleve al ánimo del juzgador la razonable certeza de que habrá de demostrar en su día que *con el expreso consentimiento del arrendador demandante*, ha ejecutado mejoras necesarias en la propiedad arrendada, cuyo costo no le ha sido satisfecho. Véase *C.R.U.V.* v. *Román*, 100 D.P.R. 318, 322 (1971).

*Procede que se modifique la sentencia de desahucio dictada por el Tribunal Superior, Sala de Utuado, en 23 de julio de 1976 en el sentido de suspender los efectos de dicha sentencia, hasta que—determinada por el tribunal o por estipulación de las partes la cantidad que se le adeuda al inquilino por*

*concepto de reparaciones necesarias hechas con el consenti-*
*miento expreso del arrendador, en la propiedad objeto del*
*pleito—quede demostrado cumplidamente que ha sido compen-*
*sada. Así modificada se confirmará. Se devolverán los autos*
*al tribunal sentenciador para que se continúen los procedi-*
*mientos en forma compatible con lo expresado en esta opinión.*

El Juez Asociado Señor Rigau disiente sin opinión.