Sucesión de M. Rivera y Sucesión de Luis Delfi, demandantes y apelantes, *v.* G. Godreau & Cía., demandada y apelada.

Núm. 8160.—*Sometido:* Abril 2, 1941. *Resuelto:* Enero 30, 1942.

836

*José C. Aponte*, abogado de las apelantes; *Leopoldo Tormes García*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la segunda demanda enmendada, radicada en junio 12, 1937, los demandantes apelantes alegaron que la demandada, G. Godreau & Co., sociedad civil agrícola organizada de acuerdo con las leyes de esta Isla, tiene inscrita a su nombre en el Registro de la Propiedad y está en posesión de una finca de 405.03 cuerdas, denominada "Hacienda Providencia," situada en el barrio Guanabanal, de Santa Isabel, la que fué formada por agrupación de varias parcelas; que los demandantes creen que dentro de los límites de dicha hacienda se encuentra una parcela de 19 cuerdas de terreno "que lindaba por el norte, sur y oeste con terrenos de Miguel Godreau y al este el camino vecinal de Guanabanal:" que esa parcela pertenecía a Julio Godreau y fué agrupada a la Hacienda Providencia, propiedad de la sociedad demandada, de la que es socio Julio Godreau; que la mencionada parcela formaba parte de una finca de 50 cuerdas, "que lindaba por el norte con Miguel Godreau, por el sur con Luis Felipeti, por el este con José A. de Torres, y Teresa

Costa Bello por el oeste"; que después de segregadas las 19 cuerdas vendidas a Godreau, las 31 cuerdas restantes fueron agrupadas ilegalmente a la Hacienda Providencia, tomando posesión de ellas los demandados. Alegaron además, que la finca de 50 cuerdas perteneció pro indiviso a Micaela Rivera y a Luis Delfi, y pertenece ahora a los demandantes como únicos y universales herederos de aquéllos.

Continuaron alegando los demandantes que con el objeto de poder entablar una acción reivindicatoria, solicitaron permiso de los demandados para proceder a la mensura y deslinde de las 31 cuerdas, y que los demandados se negaron a otorgar tal permiso. Piden los demandantes que se dicte sentencia concediéndoles permiso para penetrar en la Hacienda Providencia y medir y deslindar las 31 cuerdas reclamadas, con imposición de costas, desembolsos y honorarios de abogado.

Contestó G. Godreau & Co. negando por falta de información que los demandantes sean herederos legales de Micaela Rivera y de Luis Delfi. Negó específicamente que G. Godreau & Co. tenga inscrita a su nombre o esté en posesión de la Hacienda "Providencia" que se describe en la demanda, alegando en contrario que dicha finca la tiene inscrita la sociedad civil agrícola "Godreau & Co., S. en C."; que dicha finca nunca ha sido de G. Godreau & Co.; y que Julio Godreau nunca ha sido socio de G. Godreau & Co.

Como defensas especiales alegó la demandada que los hechos alegados en la demanda son insuficientes para constituir una causa de acción; que los demandantes no son herederos legítimos de Micaela Rivera y que cualquier sentencia por la que se les declare ser tales herederos ha sido obtenida por fraude, es nula y no puede perjudicar a tercero; que Luis Delfi a su fallecimiento no poseía porción alguna en la parcela de 50 cuerdas a que se refiere la demanda, por lo que sus alegados herederos no pueden tener interés en

este pleito; y, por último, que estando la finca desde hace más de 10 años inscrita a nombre de "Godreau & Co., S. en C.", no cabe reclamación alguna contra ese título inscrito en el Registro de la Propiedad a favor de tercero, por personas que no tengan título inscrito en el Registro.

Celebrada la vista del caso, en junio 1º. de 1939 la Corte de Distrito de Guayama dictó sentencia por la cual declaró sin lugar la demanda e impuso las costas a los demandantes, sin incluir honorarios de abogado.

El presente recurso, interpuesto por los demandantes, se basa en los siguientes señalamientos:

"PRIMER ERROR: Que la Honorable Corte de Distrito de Guayama erró al resolver que los demandantes dejaron de probar la personalidad de la demandada G. Godreau & Co.; que dicha demandada tuviera inscrita a su nombre y estuviera en posesión de la Hacienda Providencia; que G. Godreau & Co. fuera dueña de dicha Hacienda así como que Julio Godreau hubiera sido miembro de dicha sociedad y que la parcela de once y media (11½) cuerdas de Luis Delfi y la parcela de siete (7) cuerdas de Micaela Rivera fueran agrupadas a la Hacienda Providencia borrándose las colindancias de dichas parcelas y tomando posesión de ellas la demandada.

"SEGUNDO ERROR: La Honorable Corte de Distrito de Guayama erró al desestimar la demanda fundándose en que no ha habido prueba alguna que relacione la sociedad civil agrícola Godreau & Co. S. en C. con la sociedad civil agrícola G. Godreau & Co.

"TERCER ERROR: Que la sentencia dictada en este caso es contraria a los hechos, a la prueba y a la ley."

Consideraremos dichos señalamientos conjuntamente.

 En su relación del caso y opinión la corte sentenciadora se expresó así:

"5. Los demandantes dejaron de probar la personalidad de la demandada G. Godreau & Co.; que dicha demandada tuviera inscrita a su nombre y estuviera en posesión de la Hacienda Providencia; que G. Godreau & Co. fuera dueña de dicha hacienda; que Julio Godreau hubiera sido miembro de dicha sociedad; que la parcela de 11½ cuerdas de Luis Delfi y la parcela de 7 cuerdas de Micaela Rivera fueran agrupadas a la Hacienda Providencia, borrándose las colindancias de dichas parcelas y tomando posesión de ellas

la demandada; que la demandada estuviera en posesión y disfrute de dichos predios de terreno al interponerse esta demanda y que lo esté actualmente y que la finca de 50 cuerdas a que se refiere el hecho 5o. de la demanda enmendada perteneciera en propiedad y dominio a Micaela Rivera.

"La demandada probó ante esta corte que Julio Godreau no era miembro de la sociedad G. Godreau & Co.; que la Hacienda Providencia es de la propiedad de una sociedad civil agrícola denominada Godreau & Co., S. en C., la que la adquirió por compra a Julio Godreau Co. en mayo 10 de 1921, estando inscrita a su nombre en el Registro de la Propiedad desde el año 1922 y que la Sucesión de Micaela Rivera entabló ante esta corte el día 12 de marzo de 1928 una acción contra G. Godreau & Co. para reivindicar la parcela de 7 cuerdas antes mencionada.

"No hemos hallado prueba alguna que relacione a la sociedad civil agrícola Godreau & Co., S. en C., con la sociedad civil agrícola G. Godreau & Co. Podrán ser una misma o la primera podrá ser la sucesora en derecho de la segunda, pero tales extremos no han sido demostrados.

"Por todas las razones expuestas y habiéndose dejado de probar algunas de las alegaciones esenciales de la segunda demanda enmendada, la corte es de opinión que debe dictar, como dicta, una sentencia declarando sin lugar la demanda y condenando a los demandantes a pagar a la demandada las costas y gastos de este litigio, sin incluir honorarios de abogado."

Los demandantes han tratado de corregir la deficiencia de su prueba, sosteniendo en su alegato que en la contestación a la demanda original, radicada en enero 5, 1924, la demandada G. Godreau & Co. admitió ser una sociedad agrícola y dueña de la Hacienda Providencia, y "que en esas condiciones se ha seguido siempre este pleito." La contención de los demandantes apelantes es insostenible. La demanda original y la contestación fueron substituídas, respectivamente, por la demanda enmendada radicada en marzo 29 de 1936 y por la contestación a la misma radicada en agosto 7 de 1936; y las referidas demanda enmendada y contestación fueron sustituídas a su vez por la segunda demanda enmendada, radicada en junio 12 de 1937, y por la contestación radicada en julio 14 del mismo año, siendo

sobre estas dos últimas alegaciones que se trabó la contienda entre las partes y sobre las cuales recayó la sentencia recurrida. Todas las alegaciones anteriores a las dos últimas fueron eliminadas del legajo de la sentencia, por resolución dictada en esta misma fecha.

En la segunda y última demanda enmendada, los demandantes alegaron que la sociedad civil demandada, G. Godreau & Co. "tiene inscrita a su nombre y está en posesión de la Hacienda Providencia." En su contestación radicada en juilo 14 de 1937, o sea más de 13 años después de la contestación original, la demandada G. Godreau & Co. negó específicamente que ella fuera actualmente dueña de la finca "Providencia", que se encontrara en posesión de dicho inmueble o que lo tuviese inscrito a su nombre, alegando en contrario que la dueña y poseedora de dicha finca, con título inscrito a su nombre era la sociedad "Godreau & Co., S. en C."

Si los demandantes tenían interés en probar que la demandada G. Godreau & Co. había en cierta ocasión admitido que la finca estaba a su nombre, el modo de hacerlo era presentando en evidencia la contestación contentiva de tal admisión. Del récord no aparece que así lo hicieran. De todos modos, aun cuando aceptáramos como un hecho probado que G. Godreau & Co. admitió en 1924 que la finca estaba en aquella fecha inscrita a su nombre, esa admisión no puede ser interpretada en el sentido de que dicha demandada admitió ese mismo hecho en 1937, especialmente si tenemos en cuenta que el hecho de que la finca estuviera inscrita a su nombre fué específicamente negado en la última contestación radicada 13 años después.

No habiendo probado los demandantes que la demandada G. Godreau y Co. estuviese en posesión de la finca que se trata de deslindar, ni tampoco que la sociedad G. Godreau & Co. y Godreau & Co., S. en C., sean una sola entidad jurídica, y resultando de la prueba practicada que la finca en cuestión está inscrita a nombre de Godreau & Co., S. en

C., que no es la parte aquí demandada, somos de opinión que las conclusiones a que llegó la corte sentenciadora están sostenidas por la evidencia y que los errores que se le imputan no fueron cometidos. Véase: artículo 286 del Código de Enjuiciamiento Civil.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.