SOUTH PUERTO RICO SUGAR CORPORATION, peticionaria, *v.* JUNTA AZUCARERA DE PUERTO RICO, recurrida.

*Número:* J.A. 62-2      *Resuelto:* 28 de octubre de 1963

*A. Castro Fernández* y *F. Castro Amy,* abogados de la peticionaria; *Lydia F. Marcos,* abogada de la recurrida; *Charles R. Cuprill,* abogado de la interventora.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En *South P.R. Sugar Co.* v. *Junta,* 82 D.P.R. 847 (1961) revocamos una resolución de la Junta Azucarera que autorizó a Adriana L. Mercado a transferir a la Central Rufina la molienda de las cañas cosechadas en fincas arrendadas pertenecientes a Santiago Sambolín. Resolvimos que la señora Mercado, como arrendataria del señor Sambolín, estaba obligada a cumplir con los términos del contrato que éste había celebrado con la South P.R. Sugar Co. Devuelto el caso, la South P.R. Sugar radicó una moción solicitando de la Junta que ordenara a Adriana Mercado que le pagara en dinero la suma que representaba las ganancias

dejadas de percibir por haberse molido parte de las cañas en la Central Rufina. (¹) La señora Mercado radicó entonces una moción solicitando de la Junta que ordenara a la South P.R. Sugar que le pagara 20¢ por tonelada de caña molida durante los tres años que las arrimó a esa Central según lo establecido en el convenio celebrado con Sambolín. (²)

La Junta negó lo solicitado por la South P.R. Sugar y concedió lo pedido por Adriana L. Mercado. South P.R. Sugar acudió ante nos y resolvimos revisar únicamente aquella parte de la decisión de la Junta que la obligaba a pagarle a Adriana Mercado 20¢ por tonelada de caña molida en la South P.R. Sugar durante el tiempo que estuvo vigente el contrato originalmente celebrado con Santiago Sambolín.

El mismo día en que South P.R. Sugar Co. y Sambolín firmaron el contrato de refacción y molienda, celebraron otro privado en el que la Central se obligaba a pagar a Sambolín "al final de cada una de las primeras cinco zafras cubiertas por el susodicho contrato notarial la suma de 20¢ (20 cts.) por tonelada de caña entregada a la Central de acuerdo con el contrato notarial, durante dichas zafras. . ." [quedando] "entendido además, que el colono garantiza a la Central que tendrá en todos los años del contrato notarial no menos toneladas de cañas nobles de cuota de las que tendrá en la zafra de 1956, salvo fuerza mayor".

En el año 1956 el colono Sambolín arrimó 16,869 toneladas de cañas mientras que la señora Mercado solamente arrimó durante 1958: 7,118.90 toneladas, durante 1959: 10,668.71 toneladas y durante 1960: 9,127.30 toneladas.

La Junta Azucarera entendió que como Adriana Mercado

(¹) Antes de prestarse fianza, Art. 33, Ley Azucarera—5 L.P.R.A. sec. 402 (Tomo 2 ed. 1963)—por la South P.R. Sugar, la señora Mercado arrimó las cañas a la Central Rufina. Luego de prestada la fianza, las cañas fueron arrimadas a la Central Guánica.

(²) A pesar de que el contrato de molienda disponía que la compensación se pagaría al final de cada zafra, no fue hasta que la South P.R. Sugar reclamó de Adriana L. Mercado que ésta contrarreclamó el importe de la compensación adicional.

no había arrendado todas las fincas pertenecientes a Sambolín y que fueron objeto del contrato de refacción y molienda de caña celebrado con la South P.R. Sugar y como "no hay evidencia alguna que demuestre que Adriana L. Mercado molió, en los años subsiguientes al año 1956, cañas producidas en las fincas objeto del contrato de refacción y en su posesión una cantidad menor a la proporción que garantizaban esas fincas", y como "[e]l peso de la prueba de probar el incumplimiento de esa garantía descansa en el que lo invoca" esto es, en la South P.R. Sugar Co., resolvió que ésta estaba "obligada a pagar a Adriana L. Mercado la cantidad de $5,382.98 por concepto de 20¢ por tonelada de caña molida en Central Guánica durante las zafras 1958, 1959 y 1960 y ordena dicho pago".

Sin entrar a considerar si el contrato privado([3]) celebrado entre Sambolín y la South P.R. Sugar rige las relaciones con la señora Mercado, la decisión de la Junta no puede prevalecer ya que está predicada en la premisa de que era la Central la que tenía el peso de probar que Adriana L. Mercado no había suplido la proporción([4]) de las cañas que de acuerdo con el referido contrato estaba obligada a arrimar para tener derecho a la compensación adicional, cuando la obligación de demostrar que había cumplido con la condición claramente recaía sobre la reclamante. "La parte que sostiene la afirmativa en la cuestión deberá presentar la evidencia para probarla. . ." Art. 108, Ley de Evidencia, 32

([3]) El contrato de "Compraventa de Cañas y Rafacción" fue elevado a escritura pública. Es la Núm. 147 de 13 de septiembre de 1956 otorgada ante el Notario José Martín Betancourt. Según expusimos en *South P.R. Sugar Co.* v. *Junta*, 82 D.P.R. 847 (1961) fue debidamente inscrito en el Registro de Contratos Agrícolas. El contrato privado no fue inscrito.

([4]) A este respecto llamamos la atención al hecho de que bajo el contrato celebrado por el cual South P.R. Sugar Co. se obligó a satisfacer una cantidad adicional de 20¢ por tonelada de caña entregada no se hace referencia alguna a distribuir entre las distintas fincas la producción de forma que se justifique tomar en cuenta si la señora Mercado arrimó para molienda la "proporción" correspondiente a las fincas por ella arrendadas.

L.P.R.A. sec. 1971; *Galarza v. G. Llinás & Co.*, 71 D.P.R. 111 (1950); *Ortiz v. Bermúdez*, 70 D.P.R. 707 (1949); *Sucn. Rivera v. G. Godreau & Cía.*, 59 D.P.R. 835 (1942).

*Procede, por tanto, revocar la resolución de la Junta en cuanto obliga a la South P.R. Sugar a pagar a Adriana L. Mercado la cantidad de $5,382.98 por concepto de 20¢ por tonelada de caña molida en la Central Guánica durante las zafras de 1958, 1959 y 1960.*