JUAN PIZÁ BLONDET y CARMENCITA ALVARADO DE PIZÁ, demandantes y recurrentes, *v.* SAILLES TRAVEL AGENCY, demandada y recurrida.

*Número:* R-82-439 *Resuelto:* 16 de marzo de 1983

*Federico Ramírez Ros*, de *Ramírez, Segal & Latimer*, abogado de los recurrentes; *José Guevara Fuertes*, de *Lloréns Santini & Guevara Fuertes*, abogado de la recurrida.

PER CURIAM: Los esposos Pizá Alvarado, dueños de un edificio localizado en la avenida Ashford en El Condado, instaron acción de desahucio para recobrar la posesión de un local comercial situado en el primer piso del edificio, cuyo local ha venido ocupando por varios años la demandada recurrida Sailles Travel Agency mediante contrato de arrendamiento de mes a mes. Se basó la causal en el propó-

sito de los arrendadores de retirar el local del mercado de alquileres para dedicarlo a su propio uso. El tribunal de instancia declaró sin lugar la demanda. Concluyó que los demandantes no probaron su buena fe.

Los demandantes instaron recurso de revisión y el 14 de octubre de 1982, en resolución dividida cuatro a dos —un juez no intervino— denegamos la expedición del auto. Movidos por una muy bien fundamentada solicitud de reconsideración, expedimos resolución el 10 de noviembre en que concedimos plazo a la parte recurrida para mostrar causa por la cual no debíamos reconsiderar la resolución del 14 de octubre, expedir el auto y revocar la sentencia recurrida. Su comparecencia no nos mueve a que cambiemos el criterio intimado en nuestra resolución sobre mostración de causa.

El local objeto de la acción de desahucio, donde la recurrida tiene su negocio, renta $300 mensuales y está sujeto a la intervención de DACO. En cumplimiento del Art. 12-A de la Ley de Alquileres Razonables, en su inciso 6 (17 L.P.R.A. sec. 193(6)), los demandantes se dirigieron por carta a la demandada el 11 de agosto de 1981, le informaron su propósito de retirar el local del mercado de alquileres y le requirieron el desalojo, para lo cual le concedieron seis meses. Según declaró el demandante Pizá, su propósito era abrir en el local un negocio de bienes raíces de su propiedad. No tenía otro local disponible para ello en el edificio, cuya primera planta se dedica a fines comerciales, y los otros pisos constan de apartamientos residenciales.

Luego de esta carta se iniciaron conversaciones entre las partes, conducentes a que Sailles Travel Agency, Inc. pudiera continuar ocupando el local. Varias cartas cursadas entre ellos y sus respectivos abogados demuestran que, entre otras cosas, se consideró reducir el local a la mitad, de manera que Sailles Travel ocupara la parte que da a la avenida Ashford y Pizá la parte posterior, y aumentar el canon a $450 mensuales, fijándose un término fijo al con-

trato de arrendamiento, con aumentos en el canon de año en año. Sobre ello los demandantes llegaron a someter un proyecto de contrato escrito. La correspondencia indica que hubo cambio en la representación profesional de la demandada en el curso de las negociaciones, las cuales finalmente se interrumpieron, instándose la demanda en marzo de 1982.

 Consideramos que estos hechos no desvirtúan la buena fe de los arrendadores al cursar su carta requiriendo desalojo. La robustecen. Convenimos con los recurrentes cuando expresan que, en última instancia, la decisión de retirar o no una propiedad del mercado de alquileres es económica y que tal decisión tiene por base la consideración de lo que produce el local estando arrendado, vis-a-vis lo que para el dueño puede implicar económicamente el uso que pueda darle. No puede perderse de vista que las disposiciones de la Ley de Alquileres que obligan a la prórroga del contrato constituyen limitaciones al derecho de propiedad del arrendador y no pueden tomarse livianamente. En el Puerto Rico de la presente década no existe la crisis de viviendas y locales para negocios que había en la década de los años 1940 y que motivó la aprobación de dicha ley. Véase la exposición de motivos, 17 L.P.R.A. sec. 181. Por el contrario, lo que vemos a diario —y el área del Condado no es excepción— son locales comerciales cerrados, sin uso alguno. Y el programa de viviendas a bajo costo en que por años se ha empeñado el Gobierno de Puerto Rico ha aliviado en gran manera lo que antes era un agudo problema de escasez de viviendas.

 Es de notarse, además, que el requisito de acreditar la buena fe, que no puede tener hoy el alcance de otros tiempos, varía según se trate de una vivienda o de un local de comercio o negocio. Mientras el inciso 5 del Art. 12-A de la Ley, que se refiere a viviendas, requiere del arrendador que acredite su buena fe y señala específicamente situaciones en que no se presumirá, el inciso 6, que se refiere a

locales comerciales o de negocios, guarda silencio sobre dicho requisito. (¹) Si el Legislador no le requiere al arren-

---

(¹) El inciso 5 (17 L.P.R.A. sec. 193(5)) dice, en lo aquí pertinente:

"5. Por necesitar de buena fe la vivienda, para uso personal y ocupación inmediata como sitio de residencia.

"(a) El propietario vendrá obligado a acreditar su buena fe y la necesidad que tiene de recobrar la vivienda, presumiéndose las mismas no acreditadas, sin perjuicio de otros, en los siguientes casos:

"(1) Cuando el propietario tuviere disponible alguna otra vivienda adecuada de su propiedad en la misma localidad en la cual pudiere fijar su residencia.

"(2) Cuando, domiciliado en casa [de] vivienda adecuada, sita en la misma localidad, no estuviere obligado a desalojarla.

"(3) Cuando en cualquier momento durante los seis meses anteriores a la notificación de desalojo indicada en el inciso 5(b) de esta sección se hubiera desalojado vivienda de características similares en edificio propiedad del propietario y éste no la hubiere dedicado, sin justa causa para ello, a residencia propia.

"(4) Cuando, durante el año anterior a la referida notificación de desalojo el propietario hubiere vendido, cedido o arrendado vivienda propia en la cual residía, a menos que pruebe a satisfacción del tribunal que al momento de efectuar tal transacción las circunstancias eran tales que no había razón para suponer el propietario que tendría necesidad de ocupar la casa que ahora trata de recobrar, por haber desalojado la que ocupaba.

"(5) No vendrá obligado el propietario por lo dispuesto en el [párrafo] (1) que precede cuando sea el arrendatario quien tuviere disponible alguna otra vivienda adecuada, en la misma localidad, en la cual fijar su residencia, ya fuere de su propiedad o a título de arrendatario, siempre que, en este último caso la vivienda fuere substancialmente igual a la que se trata de recobrar y la diferencia en el alquiler no exceda de un tercio."

El inciso 6 (17 L.P.R.A. sec 193(6)) dispone:

"6. Por necesitar para sí, de buena fe, el local de comercio o negocio si no tuviere otro local en el mismo edificio. Para que prospere esta excepción será necesario que concurran las condiciones fijadas a continuación:

"(a) El propietario deberá notificar por escrito en forma fehaciente al inquilino afectado la necesidad en que se halla de ocupar para sí el local, y le requerirá para que desaloje el mismo, todo ello con seis meses de antelación, por lo menos, a la fecha en que el inquilino reciba la notificación de desalojo.

"(b) Si dentro de los noventa (90) días de ser desalojado el local y sin que medie justa causa éste no fuera ocupado y abierto al público por el propietario, el inquilino podrá obtener del propietario la indemnización que corresponda a los daños efectivamente sufridos por razón de desalojo, suma que nunca será inferior a tres mensualidades de

dador de un local comercial probar su buena fe en la forma en que lo requiere al arrendador de una vivienda para negar la prórroga del arrendamiento, tampoco podemos requerirlo nosotros. La prueba de la buena fe *en el primer caso* no podrá estar sujeta a otros requisitos que los reconocidos en casos civiles. En estos casos la buena fe se presume y quien alegue lo contrario es quien tiene la obligación de demostrarlo. Código Civil, Art. 364 (31 L.P.R.A. sec. 1425).

Por lo expuesto, *se reconsiderará y dejará sin efecto nuestra resolución de 14 de octubre de 1982. Se expedirá el auto, se revocará la sentencia recurrida y se dictará otra que declare con lugar la demanda de desahucio, con imposición de las costas a la demandada recurrida.*

El Juez Asociado Señor Díaz Cruz emitió opinión disidente a la que se unieron los Jueces Asociados Señores Dávila y Negrón García.

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz a la que se unen los Jueces Asociados Señores Dávila y Negrón García.

Como resultado de la prueba ofrecida en juicio, la sala de instancia concluyó que los arrendadores demandantes no probaron su buena fe y desestimó la demanda de desahucio sobre un local comercial que renta $300 mensuales y que la inquilina demandada viene ocupando hace varios años mediante contrato de mes a mes. Al recurso de los deman-

renta, más las costas y honorarios de abogado del demandante. Si en cualquier momento durante los doce meses siguientes a la fecha en que el arrendatario desaloje el local el propietario la cediese o arrendare a otra persona, indemnizará al arrendatario con los daños que se le hubieren causado, los cuales se fijarán en una suma que en ningún caso será inferior de doscientos (200) dólares o de seis mensualidades de alquiler, cualquiera de estas sumas que fuere la mayor, más las costas y honorarios de abogado del demandante, según los fije el tribunal. Lo anterior es sin perjuicio de la responsabilidad fijada al propietario en la sec. 202 de este título."

dantes denegamos la expedición del auto; solicitada la reconsideración una leve mayoría revoca la sentencia del Tribunal Superior y decreta el desahucio. Sus fundamentos, todos en pugna con la Ley, nuestra firme jurisprudencia y la realidad social del país, serán analizados en el orden en que se producen:

1° Que en el Puerto Rico de la presente década no existe crisis de vivienda y locales de negocio que había en el 1946 cuando se aprobó la Ley de Alquileres y por tanto la prórroga involuntaria es algo así como inoperante. En cuanto a estos últimos hay que mirar más allá del Condado, al resto de la Capital y a nuestros pueblos literalmente saturados de locales con renta inferior a $400 por mes; y en cuanto a vivienda el más reciente dato autorizado proviene del testimonio del Secretario de la Vivienda, señor Pierluisi quien declaró el 22 febrero, 1983 ante la Comisión de Hacienda de la Cámara (fundado en el último censo decenal) que en Puerto Rico se construyeron 74,000 viviendas *clandestinas* en la pasada década, y que la construcción continúa a un ritmo de 7,400 por año. [1] Hay pobreza en el país que todavía necesita la limitada protección [2] provista para los pequeños locales de comercio, y para los que viven en casa alquilada cuyo canon no excede de $200. Y en fin, si la Ley no conflige con la Constitución, sólo podrá derogarse por otra ley posterior, y no prevalecerá contra su observancia el desuso, la costumbre, o la práctica en contrario. Art. 5 C.C. Sólo compete a la Asamblea Legislativa, cuya acción es genuino producto de la necesidad y el interés público, alterar o derogar los remedios provistos por la Ley de Alquileres.

2° Que la buena fe exigida del arrendador de un local comercial que desea retirarlo del mercado de alquileres, es

---

[1] *El Nuevo Día*, miércoles 23 febrero, 1983.

[2] La existencia de renta baja está reconocida por la deducción hasta un límite de $240 anuales que por la vivienda arrendada concede la Ley de Contribución sobre Ingresos. 13 L.P.R.A. sec. 3023(kk)(1).

menor y de distinto grado de la requerida al arrendador de una vivienda. Empezaremos por decir que el contenido ético y moral del concepto *buena fe,* como el concepto *honradez,* es de una sola pieza que resiste la fragmentación en grados o tonalidades. El texto básico o fundamental de las disposiciones de ley que regulan la prórroga involuntaria del contrato es el mismo en ambas instancias. Veamos:

Art. 12-A. [17 L.P.R.A. sec. 193.] *Excepciones a la prórroga del arrendamiento; acción de desahucio.*

[Como excepción a la prórroga obligatoria], el propietario podrá negar la prórroga del contrato de arrendamiento y en su consecuencia promover la acción de desahucio solamente en los casos siguientes:

. . . . . . .

5. Por *necesitar de buena fe* la vivienda, *para uso personal y ocupación inmediata* como sitio de residencia.

. . . . . . .

6. Por *necesitar para sí, de buena fe,* el local de comercio o negocio. . . . (Énfasis nuestro.)

No es ésta la buena fe, que como norma protectora de la posesión y del título de propiedad recoge el Art. 364 C.C. —invocado por la mayoría como fundamento de derecho— en su prevención de que "al que afirma la mala fe de un poseedor(3) corresponde la prueba". Así lo tiene resuelto este Tribunal:

La buena fe, cuando se usa en su acepción genérica, es una de las figuras del derecho justo (equidad) y por lo tanto nos obliga a examinar el modo como actúa una persona con el fin de determinar si sus actuaciones responden al concepto equitativo de la justicia como algo distinto al concepto estricto del derecho. Es aquella limpieza en el propósito que deja satisfecha la conciencia moral del juzgador. En el sentido en que la usa la Ley de Alquileres Razonables de Puerto Rico *no es en el concepto jurídico que dicha figura tiene en el Código Civil* de

---

(3) El "poseedor" visible en el arrendamiento es el arrendatario a quien favorecería la presunción toda vez que hay que respetarle su apariencia o exterioridad.

Puerto Rico, cuando se relaciona con la posesión, la contratación o la prescripción, sino en el concepto que tiene dentro de la jurisprudencia de la equidad. (Énfasis nuestro.) *Roselló Hnos.* v. *Figueroa,* 78 D.P.R. 261, 270 (1955).

3° Sobre la extraña aplicación del citado Art. 364 C.C. se edifica y se llega por mayoría a la nueva norma al afirmar: "En estos casos la buena fe se presume y quien alegue lo contrario [el inquilino demandado] es quien tiene la obligación de demostrarlo." Tal inversión de la carga de la prueba contradice la Regla 10(A) y (B) de Evidencia que ordena:

Regla 10. *Evaluación y suficiencia de la prueba*

El tribunal o juzgador de hechos deberá evaluar la evidencia presentada, a los fines de determinar cuáles hechos han quedado establecidos o demostrados, con sujeción a los siguientes principios:

(A) El peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por ninguna de las partes.

(B) La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia.

El principio es tan común que ya no tiene equivalente en las reglas federales ni en los cuerpos modernos de reglas. *Práctica Procesal Puertorriqueña,* Vol. I, *Evidencia,* pág. 104. El peso de la prueba recae sobre el demandante. *Galarza* v. *G. Llinás & Co.,* 71 D.P.R. 111 (1950); *Ortiz* v. *Bermúdez,* 70 D.P.R. 707 (1949); *Trigo* v. *Pueblo,* 51 D.P.R. 222 (1937); *South P.R. Sugar Corp.* v. *Junta Azucarera,* 89 D.P.R. 367 (1963); *Murcelo* v. *H. I. Hettinger & Co.,* 92 D.P.R. 411 (1965); y los anotados en Digesto de Puerto Rico, 1974, T. 10, *Evidencia,* Sec. 52.

La *presunción* de buena fe en el dueño del local demandante, quien quedaría relevado de probar su caso, está rechazada en una invariable línea de precedentes en nuestra jurisprudencia. "En casos como el presente [local de

mueblería] . . . la buena fe *no se presume.* Sobre el demandante recae el peso de probar por una preponderancia de la evidencia que desea recobrar la posesión del local de buena fe." *Sucn. Pérez* v. *Gual,* 75 D.P.R. 385, 391 (1953). (Énfasis nuestro.) "La buena fe, desde luego, siendo un requisito para el desalojo del inquilino, *debe ser probada por la parte demandante.* Esa prueba debe convencer al juzgador de que el único propósito que le anima es el de obtener el local arrendado para uso propio, dentro de las normas jurisprudenciales apuntadas, y no meramente el de obtener, para cualquier otro propósito, el desalojo del inquilino." (Énfasis nuestro.) *Valentín* v. *Figueroa,* 79 D.P.R. 444, 452 (1956). "[A]l demandante corresponde probar su buena fe." *Roselló Hnos.,* supra, a la pág. 269. "La buena fe consiste en demostrar que el demandante no haya actuado motivado por cualquier intención que no sea la de obtener el local para establecer su negocio." *Marín* v. *Montijo,* 109 D.P.R. 268, 273 (1979).

El requisito de probar buena fe no es oneroso para el arrendador como demuestra la experiencia de tantas demandas que han prosperado. Sería incomparablemente más difícil para el inquilino —sin derecho a descubrimiento en desahucio— acopiar los datos y elementos de prueba para demostrar la mala fe de su arrendador. Armado éste con formidable presunción, aun cuando controvertible, mal podría el demandado defender su derecho y hacerse oír en corte, restringido a extremo intolerable el debido proceso de ley.

Todavía quedan muchísimos puertorriqueños inquilinos de hogares humildes y locales modestos que bien merecen la reducida protección de la Ley. Ni podemos ni debemos arrumbar esta pieza de legislación social. Ni debemos enervar nuestra jurisprudencia, mediante la revocación *sub silentio* de precedentes bien fundados, sin ofrecer un solo argumento contra su validez.