# 96 DTA 70

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV - MAYAGUEZ Y AGUADILLA**

RAFAEL T. LOPEZ VELARDO
Apelante

v.

FRANCISCO GARCIA, ET ALS.
Apelados

Núm. KLAN-95-00917

San Juan, Puerto Rico, a 30 de abril de 1996

Panel integrado por su Presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Delgado Hernández

Delgado Hernández, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Francisco López Hernández apela de una sentencia del Tribunal de Primera Instancia, anterior Tribunal de Distrito, Sala de Aguadilla, que desestimó una solicitud de desahucio instada contra dos (2) arrendatarios de unos locales comerciales sujetos a la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 181 y ss. Revocamos.

### I

Surge de los autos que López es dueño de un edificio de dos (2) plantas en el centro del pueblo de Aguadilla. Mantiene su residencia en la planta alta del edificio. En la planta baja hay tres (3) locales comerciales, en uno de los cuales mantiene una heladería. Los restantes locales están arrendados a Francisco García y Eduardo Cabán, quienes los ocupan hace cerca de cuarenta (40) años, y cuyo desahucio solicitó López alegando necesitar de buena fe los locales para establecer un restaurant y piano bar.

Visto el caso en su fondo, el Tribunal de Primera Instancia concluyó que el demandante no actuó de buena fe, y desestimó la demanda. De dicho dictamen apela López. Sostiene que el tribunal sentenciador erró al evaluar la prueba, y particularmente al determinar que carecía de buena fe.

### II

La Ley de Alquileres Razonables reconoce el derecho del propietario de un local arrendado para fines comerciales a retirarlo del mercado de alquileres cuando de buena fe desee utilizarlo para su propio uso. Art. 12-A, inciso 6, 17 L.P.R.A. sec. 193(6).

La buena fe del arrendador se presume. *Pizá v. Sailles Travel Agency,* 114 D.P.R. 33, 36-37 (1983). Salvo prueba en contrario, se entiende que ha actuado con la intención de obtener el local para su negocio. *Marín v. Montijo,* 109 D.P.R. 268, (1979). Corresponde al arrendatario demostrar lo contrario. *Pizá v. Sailles Travel Agency, supra.* ■ El asunto presenta una cuestión mixta de hecho y de derecho, revisable como cuestión de derecho. Cf. *Roselló Hnos. v. Figueroa,* 78 D.P.R. 261, 275 (1955).

Examinada y analizada la totalidad de la prueba a la luz de la ley según ha sido interpretada y desarrollada por la jurisprudencia, no puede decirse que el arrendador carezca de buena fe. Veamos.

### III

El Tribunal de Primera Instancia fundamentó su dictamen en lo que caracterizó como ausencia total de planificación y asesoramiento por parte de López para establecer un negocio en el que no tenía experiencia. En particular, señaló que las únicas gestiones que López llevó a efecto para establecer el negocio fueron las de visitar la oficina local de la Administración de Reglamentos y Permisos (ARPE), orientarse con la persona que atiende al público en la agencia, y hablar con un amigo que trabaja en un banco, quien le explicó los trámites para obtener un préstamo. Añadió que el demandante no había consultado el proyecto con ingenieros o contratistas, desconocía el costo de habilitar el local para establecer el negocio propuesto, y no había sometido planos o solicitudes a ARPE o a cualquier otra agencia. A su modo de ver, este proceder demuestra que el arrendador no obró de buena fe.

La jurisprudencia, sin embargo, no ha exigido estudios de viabilidad económica, planos, líneas de crédito, o elementos equivalentes o parecidos para acreditar la buena fe en un procedimiento de desahucio. Cf. *Marín v. Montijo, supra,* donde el arrendador declaró que era comerciante de mercancía seca pero quería dedicar el local arrendado para establecer y operar una mueblería que habría de administrar su yerno. *Id.,* págs. 273-274, n. 1. El Tribunal Supremo sostuvo el desahucio sin exigir prueba sobre gestiones más amplias, concretas, o abarcadoras de planificación, preparación, potencial o viabilidad económica o financiera por parte del arrendador.

Véase además *Valentín v. Figueroa,* 79 D.P.R. 444, 452 (1956), en que se sostuvo un desahucio que fue solicitado por un arrendador que alegó desear el local para establecer un negocio de mercancía seca. La prueba consistió en el testimonio de su apoderado, quien básicamente declaró sobre la decisión de establecer el negocio, y de los términos del poder que le fue conferido, que incluia el de adquirir bienes muebles o inmuebles y de firmar los términos que fueran necesarios. No se desprende que el Alto Foro haya requerido prueba sobre gestiones más específicas relacionadas con el negocio propuesto.

Finalmente, en *Sucn. Pérez v. Gual,* 75 D.P.R. 385, 392-393 (1953), nuestro Tribunal Supremo le dio curso a un desahucio a pesar de que el arrendador ni siquiera había decidido qué negocio habría de establecer en el local. La determinación del tribunal *a quo* es inconsistente con lo resuelto en los casos mencionados. Las expresiones y testimonio del arrendador deben examinarse desde este punto de vista.

Por otro lado, los arrendatarios sostienen y el tribunal sentenciador concluyó que no debe decretarse el desahucio porque este caso es idéntico a uno instado hace cerca de diez (10) años por el padre del apelante contra los mismos inquilinos para recobrar los mismos locales. En aquella ocasión el Tribunal de Primera Instancia desestimó la solicitud, y el Tribunal Supremo se negó a revisar la sentencia. Posteriormente, López adquirió el edificio luego de la muerte de su padre, al comprar la participación de los estantes herederos. Habida cuenta que la justificación aducida por el padre del demandante fue idéntica a la que expone López, el tribunal *a quo* entendió que dicha sentencia también evidenciaba la mala fe del demandante en el caso ante nos. Diferimos.

## IV

Debe advertirse que la Ley de Alquileres Razonables es una de profundo contenido social. Si bien la parte demandada no aportó suficientes elementos probatorios para rebatir la presunción de buena fe, no queda desprovista de remedio en la eventualidad de que López no actúe como corresponde. Recuérdese que la Ley provee una penalidad contra el propietario que ha retirado una propiedad del mercado cuando no la ha ocupado y abierto al público en el término estatuido. 17 L.P.R.A. sec. 193.

En consideración a lo expuesto, se revoca la determinación del Tribunal de Primera Instancia. Se devuelve el caso para que se proceda conforme a lo aquí resuelto.

Lo pronunció el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIO 96 DTA 70

**1.** El requisito de acreditar la buena fe varía según se trate de una vivienda o de un local comercial o de negocio. En el primer caso se requiere del arrendador que acredite su buena fe; no así en arrendamientos de locales comerciales, en que se presume la buena fe del arrendador. *Piza v. Sailles Travel Agency, supra.*