CLAUDIO UGARTE, demandante y apelado, *v.* JESÚS ALVELO y ESTÉFANA DE JESÚS, demandados y apelantes.

Núm. 10178.—*Sometido:* Diciembre 1, 1950. *Resuelto:* Abril 23, 1951.

444

*Arcilio Alvarado* y *Carlos J. Ortiz,* abogados de los apelantes;
*Ángel M. Villamil,* abogado del apelado.

*Per Curiam:* Contra la sentencia dictada por el tribunal inferior declarando con lugar la demanda en pleito de accesión apelaron los demandados perdidosos para ante este Tribunal y en su alegato imputan al tribunal inferior la comisión de dos errores: (1) fijar en $900 el importe de la indemnización a ser pagada por la pérdida de la casa y (2) ordenar, dentro de la acción de accesión, el lanzamiento de los demandados, como si se tratara de una acción de desahucio.

El primer error va dirigido a la apreciación de la prueba. No estamos en condiciones de sustituir nuestro criterio por el del tribunal inferior que hizo la determinación respecto a la indemnización que procedía de acuerdo con la prueba. No encontramos manifiesto error en su apreciación. No existe; pues, este primer error.

Tampoco el segundo, pues teniendo en este caso la acción de accesión dualidad de propósitos, esto es, obtener el demandante el título de lo edificado y desalojar al demandado de dicha edificación, *Figueroa* v. *Rodríguez,* 68 D.P.R. 266, podía ordenarse, como se hizo, al declararse con lugar la demanda, el desalojo y lanzamiento de los demandados. Desde luego, el término fijado por el tribunal sentenciador para llevar a cabo el desalojo, y en su defecto el lanzamiento, no comienza a correr sino desde que se efectúa la previa indemnización de que habla la ley. Artículo 297 del Código Civil, ed. 1930.

*La sentencia será confirmada.*