Ramos Buonomo, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
La apelante, Sra. Luz Celenia Laguer Pérez, solicita la revocación de la sentencia dictada por el Tribunal de Primera Instancia, Subsección de Distrito de Toa Alta, el 22 de diciembre de 2000, la cual dictaminó que ella no tiene derecho al usufructo viudal sobre la participación hereditaria indivisa en los bienes dejados por su esposo premuerto, el Sr. Irene Rodríguez Rivera, y en la que le ordenó desalojar la casa en que vivió con éste. 
La apelante alega que el tribunal cometió error al resolver que, el usufructo viudal al que tenía derecho terminó al contraer nuevas nupcias. Señala, además, que las demandantes, hermanas de su esposo ya fallecido, no tienen legitimación activa para solicitar la liquidación del usufructo viudal de. ella. Tiene razón la apelante, por lo cual revocamos la sentencia apelada.
I
Los hechos no están en controversia y haremos un resumen según surgen de la sentencia dictada.
Los suegros de la apelante, don Graciliano Rodríguez Díaz y su esposa doña Eduarda Rivera González, compraron el 29 de noviembre de 1975 una finca, de alrededor de cuatro cuerdas, sita en el Barrio Río Lajas, sector La Cuchilla de Toa Alta. Durante el matrimonio, don Graciliano y doña Eduarda procrearon cinco hijos: Rosa, Irene (varón), Ana María, Aida Luz y Perfecta, todos de apellidos Rodríguez Rivera. Esta última, Perfecta, premurió a su padre y fueron declarados herederos de ésta, sus hijos Iris Nereida, Xiomara y José Alberto, todos de apellidos Rolón Rodríguez.
Don Irene, el único varón de la familia, contrajo sus primeras nupcias con doña Adela Marrero Santiago con quien procreó ocho hijos. 
Don Irene enviudó y andando el tiempo se mudó a los Estados Unidos y estableció su residencia en Camden, Nueva Jersey, donde vivió, por lo menos, durante sus últimos diez años. Estando allí, se le diagnosticó una condición severa de diabetes y una condición cardíaca. Por su incapacidad para trabajar, le aprobaron los beneficios del seguro social y los beneficios suplementarios del Estado (SSI). Residía en un proyecto de *784 vivienda del Estado.
La apelante conoció a don Irene y el 18 de marzo de 1996 se casaron en Camden, Nueva Jersey. Estando, muy enfermo, don Irene le expresó a sus hermanas y padres que él quería regresar a Puerto Rico para morir .en : el Barrio Río Lajas de Toa Alta.
A fines del 1995, con la aportación económica de sus familiares (la sentencia no indica cuáles) y la mano de ; obra de éstos, se construyó sobre la finca de don Graciliano, una casa’ de madera con base de cemento. Don : Irene aportó $3,400 para, la construcción y se estima el valor de la casa en unos $7,000. Doña Luz no hizo ¡ aportación económica alguna.
El 18 de mayo de 1996, don Irene y doña Luz establecieron su residencia en la casa recién construida.
Tres meses más tarde, el 9 de julio de 1996, falleció don Graciliano, el padre de don Irene, ¶ di Tribunal ,de : Primera Instancia declaró herederos a sus hijos Rosa, Irene, Aida Luz y Ana María, arriba mencionados; # sus nietos Iris Nereida, Xiomara y José Alberto en representación de su hija premuerta, Perfecta y a doña Eduarda ] en la cuota viudal usufructuaria.
Poco después, el 15 de octubre de 1996, falleció don Irene y el Tribunal de Primera Instancia declaró i herederos a sus ocho hijos y a la apelante, doña Luz Laguer, en la cuota viudal usufructuaria que dispone Ja ley.. !
La apelante continuó viviendo en la casa ubicada en la finca de sus suegros, y el 25 de febrero de 1999, : contrajo nuevo matrimónio con don Rafael Ayala.
Cuatro meses más tarde, deterioradas las relaciones entre la apelante y los familiares de su anterior esposo, \ las tres hermanas de don Irene, Rosa, Ana María y Aida Luz, entablaron una demanda en contra de doña Luz ; con el propósito de que el tribunal determinara el valor del usufructo viudal de ésta para liquidarlo y para que, • además, le ordenara desalojar la propiedad. Los hijos de doña Perfecta no comparecieron al pleitp. :
El tribunal apelado dictó la sentencia que nos ocupa en la que ordenó al Registrador de la Propiedad : eliminar, de los libros a su cargo, el usufructo viudal que consta inscrito a favor de doña Luz sobre la finca, sita j en el Barrio Río Lajas de. Toa Alta y le ordenó a ésta, como cuestión de derecho, desalojar la residencia donde vivió con don Irene en la finca.
El tribunal fundamentó equivocadamente lo anterior, en que al contraer doña Luz nuevas nupcias, luego de ¡ fallecido don Irene, perdió su derecho a la cuota viudal usufructuaria que dispone la ley. :
11
A poco que examinemos la acción entablada por las tres hermanas de don Irene, vemos que se trata de una j acción de accesión en la que, a su vez, se solicita la liquidación de la cuota viudal usufructuaria de doña Luz. Es decir, las hermanas demandantes lo que realmente desean y lo que le solicitaron al tribunal, es hacer suya la ; casa de madera construida, previo el pago que corresponda a doña Luz, para que ésta desaloje la propiedad. ¡ Además, reconociéndole a la apelante el derecho a una cuota en usufructo sobre los bienes indivisos, entre i éstos, la casa de madera y la finca, solicitan convertir el usufructo viudal en una suma de rimero para-liquidarlo y para que se ordene el desalojo.
No obstante, en este caso hay falta de partes indispensables en la acción accesoria y, de otra parte, las ¡j demandantes-apeladas no tienen legitimación activa (standing) para solicitar la liquidación riel usufructo viudal ] de doña Luz. Nos explicamos. j
A pesar de que la apelante no planteó claramente la falta de partes indispensables, o! asunto, por -ser tan j *785 importante, puede suscitarse por un tribunal apelativo “sua sponte”. Hernández Agosto v. López Nieves, 114 D. P.R. 601 (1983).
La Regla 16 de Procedimiento Civil, 32 L.P.R.A. Ap. IH, R. 16, sobre acumulación indispensable de partes, dispone que las personas que tuvieren un interés común, sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Dispone, además, que cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.
El "interés común" de que nos había la Regla 16 de Procedimiento Civil, supra, tiene que ser un interés de tal orden que impida el dictar una sentencia sin afectar ese interés. Hernández Agosto v. López Nieves, supra.
La Regla 16 de Procedimiento Civil, antes aludida, tiene el propósito de proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar, además, la multiplicidad de pleitos mediante un remedio efectivo y completo. Hernández Agosto v. Romero Barceló, 112 D.P.R. 407 (1982); José A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., Inc., 1979, Vol. II, Cap. IV, pág. 92.
De otra parte, el Art. 297 del Código Civil, referente a la accesión, dispone:

El dueño del terreno en que se edificare de buena fe, tendrá derecho a hacer suya la obra previo el pago al dueño de la obra del costo de los materiales y la mano de obra, o del costo de reproducción de la misma al momento en que el dueño del terreno ejercitase su derecho, deduciendo la depreciación, lo que resultare mayor, o a obligar al que fabricó a pagar el precio del terreno."

31 L.P.R.A. see. 1164.
Don Irene y los familiares que aportaron económicamente y que construyeron la casa en suelo ajeno, fueron edificantes de buena fe, ya que edificaron con el consentimiento de los dueños del terreno, es decir, con el consentimiento de don Graciliano y doñaEduarda. Rivera v. Santiago, 56 D.P.R. 381 (1940).
De otra parte, la demanda de accesión tiene dualidad de propósitos: obtener el título de dominio sobre el inmueble y adquirir la posesión mediante el desalojo del anterior dueño. Cesaní Vargas v. Tribunal Superior, 92 D.P.R. 239 (1965); Toro v. Mojica, 79 D.P.R. 630 (1956). Pero el término que de el tribunal para el desalojo y eventual lanzamiento, no comienza a correr, sino desde que se efectúa la previa indemnización al dueño del inmueble que ordena el Art. 297 del Código Civil, supra. Ugarte v. Alvelo, 72 D.P.R. 443 (1951).
Unicamente los propietarios del terreno tienen derecho a ejercitar, mediante la acción accesoria, la opción que establece el Art. 297 antes mencionado. CRUV v. Román, 100 D.P.R. 318 (1971). De los anteriores hechos expuestos, surge que los dueños del terreno son: las tres hermanas demandantes, los hijos de doña Perfecta (Xiomara, Iris Nereida y José Alberto), los ocho hijos de don Irene y su viuda en la cuota viudal usufructuaria. Ellos ostentan el título en una comunidad indivisa de bienes. No obstante, ni los ocho hijos de don Irene, ni los hijos herederos de Perfecta, han comparecido al pleito. 
De otra parte, los dueños de la residencia son los ocho hijos de don Irene, su viuda Doña Luz, en lo que corresponde a la cuota viudal usufructuaria y los familiares de don Irene que aportaron económicamente en la construcción de la vivienda. Recordemos que la sentencia no especifica quiénes son estos familiares.
De lo anteriormente expuesto, surge que en la reclamación instada son partes indispensables y deben *786 comparecer al pleito como demandantes (o ser traídos como demandados), todas las personas antes mencionadas, por tener un interés común y para que el remedio que dicte el tribunal sea efectivo y completo. Regla 16 de Procedimiento Civil, supra. Sin hacerlas formar parte, sus intereses pueden quedar afectados.
Por otro lado, cometió error el tribunal apelado al decidir que doña Luz no tiene derecho a la cuota viudal usufructuaria sobre los bienes dejados a la muerte por don Irene por haber contraído nupcias luego de su muerte.
Al fallecimiento de don Irene, doña Luz advino a ser su viuda y una de sus herederos forzosos, Arts. 603 y 736 del Código Civil, 31 L.P.R.A. sees. 2085 y 2362, y como tal, tiene,derecho aúna cuota, en usufructo, sobre los bienes del causante igual a la que por legítima corresponda a cada uno de sus hijos o descendientes no mejorados. Art. 761 del Código Civil, 31 L.P.R.A., see. 2411. Este artículo le concede ese derecho a la viuda, sin condicionarlo a que no se vuelva a casar. Cometió error el tribunal apelado al determinar que doña Luz no tiene derecho a la cuota viudal usufructuaria por haberse casado con posterioridad a la muerte de don Irene. En el momento en que se casa nuevamente doña Luz, ya era heredera de don Irene y el hecho de contraer nupcias, no elimina ese derecho. Art. 761 del Código Civil, supra. Los casos en que fundamenta el tribunal apelado su decisión, Ripoll Alzuru v. Rosa Pagán, 121 D.P.R. 1 (1988) y Tarmes Ex-Parte, 53 D.P.R. 417 (1938), son inaplicables. En estos casos, las partes se habían divorciado antes de la muerte del maridó. Ese no es nuestro caso. Al morir don Irene, la apelante y él estaban legítimamente casados.
No tenemos conocimiento bajo qué régimen económico se casaron don Irene y doña Luz en Camden, Nueva Jersey. Sin embargo, valga aclarar que el Art. 761, supra, fuente estatutaria de la cuota viudal usufructuaria, no distingue entre cónyuges supérstites cuyos régimenes económicos matrimoniales estuvieron regidos por capitulaciones matrimoniales, de aquellos cónyuges supérstites sujetos a las disposiciones de la sociedad legal de gananciales. García Distributors v. Sucn. García Sorí, 153 D.P.R._(2001), 2001 J.T.S. 24; Ab lntestato Saldaña Candelario, 126 D.P.R. 640 (1990).
Importante es señalar, además, que mientras no se le haya liquidado su usufructo viudal, doña Luz tiene derecho a mantener anotada, preventivamente en el Registro de la Propiedad, su cuota viudal usufructuaria. Efraín González Tejera, Derecho Sucesorio Puertorriqueño, Vol. I, San Juan, 1983, pág. 94. Cometió error, también, el tribunal apelado al ordenar la cancelación del usufructo viudal de Doña Luz en el Registro de la Propiedad.
Tiene razón la apelante al señalar que las demandantes-apeladas, hermanas de don Irene, no tienen legitimación activa (standing) para solicitar la liquidación del usufructo viudal.
Dispone el Art. 765 del Código Civil, 31 L.P.R.A. see. 2415, que son los herederos de don Irene los que tienen la opción y los llamados a satisfacerle a doña Luz una suma de dinero que corresponda al valor de su legítima como heredera forzosa de su esposo, es decir, el valor correspondiente a la cuota viudal usufructuaria. La acción de conversión está permitida por el mencionado artículo a los herederos de un causante. Mientras no se realice el pago, estarán afectos todos los bienes de la herencia de Don Irene al pago de la parte de usufructo que corresponda a Doña Luz. Art. 765 del Código Civil, supra.
Es, pues, a los ocho hijos de don Irene a quienes les corresponde el instar la acción para liquidar y pagar el usufructo viudal de doña Luz y no a las demandantes-apeladas. Estas no tienen capacidad legítima (standing) para instarla, ya que no son herederas de don Irene!
¿Procede, entonces, la desestimación de la acción instada? Veamos.
La Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap.'ÜI, R. 15.1, dispone que todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá *787 demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación y, cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. Dispone, asimismo, que no se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho de la persona que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, se una al mismo o se sustituya en lugar del promovente. Tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho.
Cuevas Segarra, supra, indica que, como norma general, los tribunales no deben adjudicar innecesariamente los derechos de terceros que no tienen interés en plantearlos o que los disfrutarán suceda lo que suceda en el pleito, ya que son tales terceros los que usualmente pueden argumentar sus propios derechos de la forma más eficaz.
Ahora bien, el mero hecho de que el demandante no sea la persona que por ley tiene la capacidad de exigir el derecho que se reclama, no significa que la acción presentada deba ser inmediatamente desestimada. Para todos los efectos legales, la acción tendrá el mismo efecto que si el pleito se hubiese incoado por la persona legalmente capacitada para hacerlo, si tal persona con capacidad, concedido un término razonable por el tribunal, se une al pleito o se sustituye en lugar del demandante original. Regla 15.1 de Procedimiento Civil, supra.
Es deber del tribunal permitir y promover la incorporación al pleito de las partes realmente interesadas con el propósito de verificar la existencia de una controversia real que exige una solución por parte de los tribunales. La economía procesal también aconseja el resultado a que llegamos en este caso. En el caso ante nos, como dijimos anteriormente, son los hijos de don Irene las partes a quienes por ley le corresponde instar la acción para liquidar el usufructo viudal de doña Luz.
Resumiendo lo antes dicho, en el caso ante nos, las demandantes-apeladas presentaron una acción accesoria y, a su vez, solicitaron, erróneamente, la liquidación del usufructo viudal a que tiene derecho la apelante, doña Luz. En cuanto a la acción accesoria, los demandantes deben ser todos los dueños de la finca, los cuales hemos mencionado anteriormente, y los demandados los dueños de la residencia. Por otra parte, son los herederos de don Irene los que pueden solicitar la liquidación del usufructo viudal.
Por tanto, por disposición de las Reglas 15 y 16 de Procedimiento Civil, supra, es indispensable que los hijos de doña Perfecta y todos los herederos de don Irene comparezcan al pleito. Deberán comparecer como demandantes o deben ser traídos por éstos como demandados, de rehusarse a comparecer al pleito. Es deber del tribunal permitir e incorporar estas partes al pleito y, por ende, le corresponde a las demandantes enmendar la demanda según lo antes expuesto.
Atendido lo anterior, este Tribunal revoca la sentencia apelada y devuelve el caso al tribunal apelado para procedimientos consistentes con lo anterior.
Así lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 30
1. El Tribunal de Primera Instancia hace constar que como cuestión de hechos, a la fecha en que dictó la sentencia, hacía más de ocho meses que la Sra. Laguer había desalojado la propiedad, pero, que como cuestión de derecho, le ordenaba el desalojo. Determinó que la apelante, sin embargo, se resiste a entregar la llave de la vivienda y la posesión del inmueble, por lo cual la casa se encuentra en franco deterioro sin servicios de agua y luz.
*788 2.Los nombres de los hijos son: Santos, Santiago, Femando, Irene, Orlando, Héctor Manuel, Edwin y María de los Angeles, todos de apellidos Rodríguez Marrero.
3. Desconocemos si los tres hijos, herederos de doña Perfecta, o alguno de ellos, es menor de edad, en cuyo caso deben estar representados por su padre con patria potestad, Art. 153 del Código Civil, 31 L.P.R.A. see. 601, o en su defecto, por un defensor judicial. Art. 160 del Código Civil, 31 L.P.R.A. see. 617.
Por otro lado, no sabemos, porque de la sentencia no se desprende, si Doña Eduarda murió, para determinar si quedó disuelta la sociedad legal de gananciales habida con don Graciliano y quiénes son sus. herederos.
4. Derecho de usufructo del cónyuge viudo

“El cónyuge viudo tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes no mejorados:

Si no quedara más qué un sólo hijo o descendiente legítimo, el viudo o viuda tendrá el usufructo del tercio destinado por la ley a constituir la mejora, conservando aquél la nuda propiedad, hasta que por fallecimiento del cónyuge supérstite se consolide en él el dominio.

Si estuvieren los cónyuges separados por demanda de divorcio, se esperará el resultado del pleito.,

Las disposiciones de, esta sección y de las sees. >2412, 2413, 2414, 2415 y 2416 de este título, serán aplicables del propio modo a la sucesión intestada que a la sucesión testamentaria.” 31 L.P.R.A., see, 2411.
5. La Ley 25 de 8 de diciembre de 1990 enmendó el Art. 761 del Código Civil, supra, que dispone, sobre el derecho de usufructo del cónyuge viudo, para eliminar la referencia al cónyuge divorciado.
6. Este artículo dispone:

“Los herederos podrán satisfacer al cónyuge su parte de usufructo, asignándole una renta vitalicia, o los productos de determinados bienes, o un capital en efectivo, procediendo de mutuo acuerdo, y, en su defecto, por virtud de mandato judicial.

Mientras esto no se realice, estarán afectos todos los bienes de la herencia al pago de la parte de usufructo que corresponda al cónyuge viudo. ”